IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 18, 2019 Session

## BELGRAVIA SQUARE, LLC. v. MELVIN WHITE ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-005178-18  James F. Russell, Judge**

————————————————————

### No. W2018-02196-COA-R3-CV

————————————————————

Appellant appeals the trial court's dismissal of his appeal from general sessions court in this unlawful detainer action.  The general sessions court granted immediate possession of the disputed property to Appellee, and Appellant appealed to the circuit court. Although Appellant remained in possession of the property, he did not post the required possessory bond.  Tenn. Code Ann. § 29-18-130(b)(2).  The trial court dismissed the appeal finding that, in the absence of the required bond, it had no subject matter jurisdiction to hear the case.  Because the statutory possessory bond is not jurisdictional, we conclude that the trial court erred in dismissing Appellant's appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S. and CARMA D. MCGEE, J., joined.

Drayton D. Berkley, Memphis, Tennessee, for the appellant, Melvin White.

Richard J. Myers, Memphis, Tennessee, for the appellee, Belgravia Square, LLC.

### OPINION

### I. Background

This case involves possessory rights in real property known as 1436 Oak Lake Circle, Collierville, Tennessee (the "Property").  Appellant Melvin White purchased the Property in 2000 and procured a mortgage with Bank of America (the "Bank").  Mr. White defaulted on his loan, and the Bank foreclosed on the Property.  The Property was scheduled for foreclosure sale on August 30, 2018.

Two days before the foreclosure sale, on August 28, 2018, Mr. White filed suit against the Bank in the United States District Court for the Western District of Tennessee ("federal lawsuit"). In the federal lawsuit, Mr. White, who is African American, sought damages on allegations of discrimination under the Fair Housing Act and Equal Credit Opportunity Act. Mr. White also sought to enjoin the foreclosure sale. Despite the pending federal lawsuit,[1] the foreclosure sale went forward on August 30, 2018, and Appellee Belgravia Square, LLC ("Belgravia") purchased the Property.

Mr. White refused to vacate the Property. On September 28, 2018, Belgravia filed an unlawful detainer action in the general sessions court. On October 25, 2018, Mr. White amended his federal lawsuit to name Belgravia as a defendant. Mr. White moved to dismiss the general sessions court's detainer action on the ground that the federal court had primary jurisdiction over the Property, and the federal lawsuit was still pending. Following a hearing, the general sessions court denied Mr. White's motion to dismiss. On October 29, 2018, the general sessions court entered its judgment finding that Belgravia was entitled to immediate possession of the Property. While retaining possession of the Property, on October 31, 2018, Mr. White filed a notice of appeal to the Circuit Court of Shelby County (the "trial court"). On November 28, 2018, Belgravia moved the trial court for a writ of possession of the Property. Belgravia asserted, *inter alia*, that Mr. White "failed to post the statutory bond equal to one year's rent of the Subject Property; or $37,116.00." Mr. White opposed the motion, which the trial court heard on December 7, 2018. By order of December 10, 2018, the trial court dismissed Mr. White's appeal from general sessions court. The trial court held that it lacked subject matter jurisdiction over the appeal because Mr. White failed to post the bond required under Tennessee Code Annotated section 29-18-130(b)(2). Mr. White appeals.

## II. Issues

Mr. White raises six issues in his brief. However, we perceive that there is one dispositive issue: Whether the trial court erred in dismissing Mr. White's appeal for lack of subject matter jurisdiction based on Mr. White's failure to post the possessory bond under Tennessee Code Annotated section 29-18-130(b)(2).[2]

---

[1] The federal court entered an order on September 13, 2018 denying injunctive relief to stop the foreclosure sale. However, the discrimination allegations were not dismissed.

[2] After this appeal was filed, the parties entered into a "Possession Agreement" on January 24, 2019. Under the agreement, Mr. White agreed to post the $37,116 possessory bond to remain in possession of the Property. This agreement, however, does not render this appeal moot. The respective possessory rights of the parties were not addressed by the trial court because it found that it had no subject matter jurisdiction. On appeal, this Court must determine whether the trial court erred in dismissing the appeal. If so, the trial court may address the substantive issues on remand.

## III. Standard of Review

Subject matter jurisdiction involves the court's lawful authority to adjudicate a controversy brought before it. *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712 (Tenn. 2012); *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). Subject matter jurisdiction is conferred by statute or the Tennessee Constitution; the parties cannot confer it by appearance, plea, consent, silence, or waiver. *In re Estate of Trigg*, 368 S.W.3d 483, 489 (Tenn. 2012). Any order entered by a court lacking jurisdiction over the subject matter is void. *Id.* Therefore, subject matter jurisdiction is a threshold inquiry, which may be raised at any time in any court. *Id.*

Where subject matter jurisdiction is challenged, the party asserting that subject matter jurisdiction exists has the burden of proof. *Chapman*, 380 S.W.3d at 712; *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012). A determination of subject matter jurisdiction involves questions of law; therefore, rulings on such questions are reviewed *de novo* on appeal, without any presumption of correctness. *In re Estate of Trigg*, 368 S.W.3d at 489; *see also Lovlace v. Copley,* 418 S.W.3d 1, 17 (Tenn. 2013); *Chapman,* 380 S.W.3d at 712-13.

## IV. Analysis

Mr. White first contends that his pending federal lawsuit foreclosed the trial court's jurisdiction to decide the issue of possession of the Property. As explained by this court in *JP Morgan Chase Bank v. Franklin Na'l Bank*, No. M2005-02088-COA-R3-CV, 2007 WL 2316450, at *5 (Tenn. Ct. App. Aug 13, 2007):

> Pursuant to a long-standing general rule reflecting this nation's dual court system, the United States Supreme Court has determined that a state court may neither enjoin proceedings before a federal court nor prevent a party from pursuing a federal court remedy. *Baker ex rel. Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 236 n.9 (1998); *Gen. Atomic Co. v. Felter*, 434 U.S. 12, 15-18 (1977); *Donovan v. City of Dallas*, 377 U.S. 408, 412-14 (1964). The Tennessee Supreme Court has also recognized this principle. *Roy v. Brittain*, 297 S.W.2d 72, 74 (1956). Deviation from this general principle has been permitted only under limited circumstances . . . . Notably, state courts may enjoin proceedings in federal courts *in rem* or *quasi in rem* matters, *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 465-68 (1939), in order "to protect the jurisdiction of the state court over property in its custody or under its control." CHARLES ALAN WRIGHT, LAW OF FEDERAL COURTS 296 (5th ed. 1994).

(footnotes omitted). Although Mr. White relies on the *Princess Lida* case to support his proposition that exclusive jurisdiction over the Property lies with the federal court, the

holding in **Princess Lida** applies only in cases where the state and federal courts exercise *in rem or quasi in rem* jurisdiction over the same *res*. It is well settled that a detainer action is an *in personam* action to decide the possessory interests over the *res* as between the parties. Tenn. Code Ann. § 29-18-119 ("The general sessions judge will try every case upon its merits and ascertain whether the plaintiff or defendant is entitled to the possession of the premises . . . . **The estate, or merits of the title, shall not be inquired into**.") (emphasis added). In other words, in a detainer action, "the court is dealing with the right of one party to have another do a particular thing. The right and the remedy are not complicated by the rights or interests of others." *U.S. Gypsum Co. v. Am. Sur. Co. of N.Y.*, 1931 WL 1607 (Tenn. Ct. App. Dec. 16, 1931), *perm. app. denied* (Tenn. Mar. 26, 1932) (citing *Anderson-Tully v. Thompson*, 177 S. W. 66 (Tenn. 1915)). Concerning jurisdiction over *in personam* actions versus *in rem* actions, the **Princess Lida** Court explained:

> [I]t is settled that where the judgment sought is strictly *in personam*, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as *res judicata* in the other. On the other hand, if the two suits are *in rem*, or *quasi in rem*, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other.

*Princess Lida*, 305 U.S. at 466 (footnote omitted). As noted above, in the federal lawsuit, the judge denied injunctive relief on the foreclosure action. Although other questions are pending in the federal court, there is no final judgment that would preclude the state court from exercising jurisdiction over the *in personam* detainer action.

We next address whether the trial court erred in concluding that it lacked subject matter jurisdiction over the appeal from general sessions court because Mr. White failed to make a possessory bond. Tennessee Code Annotated section 29-18-130(b) provides, in relevant part:

> (a) [. . .] in any action of forcible entry and detainer, forcible detainer, or unlawful detainer, brought before a judge of the court of general sessions, and a writ of possession is awarded, the same shall be executed and the plaintiff restored to the possession immediately.

> (b)(1) If the defendant pray an appeal, then, in that case, the plaintiff shall execute bond, with good and sufficient security, in double the value of (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the wrongful enforcement of such writ, and to abide by and

- 4 -

perform whatever judgment may be rendered by the appellate court in the final hearing of the cause.

(2) In the case where the action has been brought by a landlord to recover possession of leased premises from a tenant on the grounds that the tenant has breached the contract by failing to pay the rent, and a judgment has been entered against the tenant, subdivision (b)(1) shall not apply. In that case, if the defendant prays an appeal, the defendant shall execute bond, or post either a cash deposit or irrevocable letter of credit from a regulated financial institution, or provide two (2) good personal sureties with good and sufficient security in the amount of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the failure of the appeal, including rent and interest on the judgment as provided for herein, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause. The plaintiff shall not be required to post a bond to obtain possession in the event the defendant appeals without complying with this section. The plaintiff shall be entitled to interest on the judgment, which shall accrue from the date of the judgment in the event the defendant's appeal shall fail.

Tenn. Code Ann. § 29-18-130(b). It is undisputed that at the time the trial court dismissed the appeal, Mr. White had not filed a bond pursuant to Tennessee Code Annotated section 29-18-130(b)(2). However the Tennessee Supreme Court has explained that "the bond requirement of section 29-18-130(b)(2) is not jurisdictional and applies only to those tenants in an unlawful detainer action who wish to stay the writ of possession after a general sessions court's judgment in favor of the landlord and retain possession of the property during the appeal." *Johnson v. Hopkins*, 432 S.W.3d 840, 848 (Tenn. 2013). The statute "contemplates that a tenant may appeal without posting bond," which "indicates that the bond is not jurisdictional but rather is non-jurisdictional and designed to stay the landlord's writ of possession." *Id.* at 849.

In line with the Tennessee Supreme Court's holding in *Johnson*, this Court has also held that a tenant's failure to post a bond pursuant to Tennessee Code Annotated section 29-18-130(b)(2) does not deprive a trial court of jurisdiction to hear the tenant's appeal from general sessions court.[3] *Rentals v. Appelt*, No. E2017-01565-COA-R3-CV, 2018 WL 3701826, at *3 (Tenn. Ct. App. Aug. 3, 2018). In *Appelt*, we explained that jurisdiction is established

---

[3] We acknowledge that this Court came to the opposite conclusion in *Crye-Leike Prop. Mgmt. v. Dalton*, No. W2015-02437-COA-R3-CV, 2016 WL 4771769 (Tenn. Ct. App. Sept. 12, 2016). However, upon further consideration, in *Rentals v. Appelt* we determined that we erred in the earlier opinion. No. E2017-01565-COA-R3-CV, 2018 WL 3701826, at *5 (Tenn. Ct. App. Aug. 3, 2018).

even where the tenant fails to surrender possession voluntarily. The following language from Tenn. Code Ann. § 29-18-130(b)(2) bolsters our conclusion: "The plaintiff [landlord] shall not be required to post a bond to obtain possession in the event the defendant [tenant] appeals without complying with this section." Tenn. Code Ann. § 29-18-130(b)(2). This language would be completely unnecessary and meaningless if a tenant in possession who appealed without posting the bond could have her suit dismissed for failing to perfect her appeal. "The Court has a duty to construe a statute so that no part will be inoperative, superfluous, void or insignificant." *McGee v. Best*, 106 S.W.3d 48, 64 (Tenn. Ct. App. 2002). In short, if a tenant does not post a bond of one year's rent, her appeal can continue . . . .

Here, the trial court dismissed Mr. White's appeal on its finding that "since this matter is an appeal of a General Sessions possessory judgment in favor of Plaintiff/Appellee and against Defendants/Appellants, and since Defendants/Appellants did not post the bond required by T.C.A. § 29-18-130(b)(2), then this court lacks subject matter jurisdiction over this appeal." Respectfully, the trial court's holding is in contravention of the Supreme Court's ruling in *Johnson* and subsequent cases applying *Johnson*. The statute and case law make clear that a possessory tenant's failure to file a bond in the amount of one year's rent does not prevent that tenant from perfecting his or her appeal to circuit court. Tenn. Code Ann. § 29-18-130(b); *Appelt*, 2018 WL 3701826, at *3; *McLucas v. Nance*, No. M2015-00642-COA-R3-CV, 2015 WL 5936935, at *3 (Tenn. Ct. App. Oct. 12, 2015); *Valley View Mobile Home Parks, LLC v. Layman Lessons, Inc.*, No. M2007-01291-COA-R3-CV, 2008 WL 2219253, at *3 (Tenn. Ct. App. May 27, 2008). Because the Tennessee Code Annotated section 29-18-130(b) bond is non-jurisdictional, the trial court erred in dismissing Mr. White's appeal although he remained in possession of the Property.

## V. Conclusion

For the foregoing reasons, we reverse the trial court's order dismissing Mr. White's appeal. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of this appeal are assessed one-half to Appellant Melvin White, and one-half to Appellee Belgravia Square, LLC, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE