IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
June 13, 2012 Session

## LACEY CHAPMAN v. DAVITA, INC.

**Appeal by Permission from the Circuit Court for Marshall County**
**No. 11-CV-30     F. Lee Russell, Judge**

**No. M2011-02674-SC-R10-WC - Filed September 21, 2012**

An employee filed a request for assistance with the Tennessee Department of Labor after she was injured at her workplace. After approximately six months of inaction by the Department, the employee filed a complaint for workers' compensation benefits against her employer in Marshall County Circuit Court. The employer responded with a motion to dismiss asserting that the trial court lacked subject matter jurisdiction because the parties had not participated in the benefit review conference process. The trial judge did not dismiss the complaint but ordered the case to be held in abeyance pending further orders of the court. On extraordinary appeal to this Court, we hold that the trial court did not have subject matter jurisdiction of the case because the employee did not exhaust the benefit review conference process before filing suit as required by Tennessee Code Annotated section 50-6-203 (2008). The judgment of the trial court is reversed, and the employee's complaint is dismissed without prejudice.

**Tenn. R. App. P. 10 Extraordinary Appeal by Permission; Judgment of the Circuit Court Reversed; Cause Dismissed**

SHARON G. LEE, J., delivered the opinion of the Court, in which CORNELIA A. CLARK, C.J., AND JANICE M. HOLDER, GARY R. WADE, and WILLIAM C. KOCH, JR., JJ., joined.

Stephen W. Elliott, Nashville, Tennessee, for the appellant, DaVita, Inc.

Barbara G. Medley, Lewisburg, Tennessee, for the appellee, Lacey Chapman.

### OPINION

On June 3, 2010, Lacey Chapman, an employee of DaVita, Inc. ("DaVita"), fell and injured her elbow as she entered DaVita's building. Her lawyer filed a request for assistance with the Tennessee Department of Labor ("TDOL"), which TDOL received on September 21, 2010. On January 28, 2011, her lawyer wrote to the TDOL specialist assigned to the case

and inquired about the status of the claim. On March 17, 2011, after waiting approximately six months for TDOL to act, Ms. Chapman filed a workers' compensation complaint against DaVita in the Marshall County Circuit Court. DaVita filed a motion to dismiss for lack of subject matter jurisdiction, asserting that Ms. Chapman had failed to exhaust the benefit review conference process before filing suit as required by Tennessee Code Annotated section 50-6-203(a). The trial court denied the motion to dismiss and ordered that all matters in the case be held in abeyance pending further orders of the court. The trial court noted in its order that on May 5, 2011, one day before the hearing on the motion to dismiss, the parties had received a benefit review report from TDOL ordering medical treatment for Ms. Chapman. DaVita filed a motion for interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, which the trial court denied. We granted DaVita's Rule 10 application for extraordinary appeal.

The issue we address is whether a trial court has subject matter jurisdiction to hear a workers' compensation case in which the plaintiff employee requested TDOL assistance, TDOL did not act, and the plaintiff filed suit without exhausting the benefit review conference process. We hold that a trial court does not have subject matter jurisdiction of a workers' compensation case until the plaintiff employee has exhausted the benefit review conference process. The failure of TDOL to respond to a request for assistance does not excuse the employee from complying with the benefit review conference process before filing suit.

Our standard of review in this extraordinary appeal is the same standard that would have been applied to the issue in an appeal as of right. Peck v. Tanner, 181 S.W.3d 262, 265 (Tenn. 2005) (citing State v. Moore, 775 S.W.2d 372, 374 (Tenn. Crim. App. 1989)). Tennessee Rule of Civil Procedure 12.02(1) governs a motion to dismiss for lack of subject matter jurisdiction. Subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. See Meighan v. U.S. Sprint Commc'ns Co., 924 S.W.2d 632, 639 (Tenn. 1996); Standard Sur. & Cas. Co. v. Sloan, 173 S.W.2d 436, 440 (Tenn. 1943). Subject matter jurisdiction depends on the nature of the cause of action and the relief sought, see Landers v. Jones, 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred on a court by the constitution or a legislative act. See Kane v. Kane, 547 S.W.2d 559, 560 (Tenn. 1977); Computer Shoppe, Inc. v. State, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989). Where subject matter jurisdiction is challenged under Rule 12.02(1), the party asserting that subject matter jurisdiction exists, which in this case is Ms. Chapman, has the burden of proof. See Redwing v. Catholic Bishop for the Diocese of Memphis, 363 S.W.3d 436, 445 (Tenn. 2012) (citing Staats v. McKinnon, 206 S.W.3d 532, 543 (Tenn. Ct. App. 2006)). "Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness." Northland Ins. Co. v. State, 33 S.W.3d 727, 729 (Tenn. 2000).

Tennessee Code Annotated section 50-6-203(a) provides that "[n]o claim for compensation under this chapter shall be filed . . . until the parties have exhausted the benefit review conference process provided by the division of workers' compensation." Tenn. Code Ann. § 50-6-203 (2008). The benefit review conference process is statutorily described as:

> (a)(1) Notwithstanding any provisions of this chapter to the contrary, in case of a dispute over or failure to agree upon compensation under this chapter, between the employer and employee or the dependent or dependents of the employee, the parties *shall* first submit the dispute to the benefit review conference process provided by the division of workers' compensation.
>
> (2)(A) In the event the parties are unable to reach an agreement at the benefit review conference as to all issues related to the claim or the benefit review conference process is otherwise exhausted pursuant to rules promulgated by the commissioner, either party may file a civil action as provided in § 50-6-203 in the circuit or chancery court in the county in which the employee resides or in which the alleged injury occurred.

Tenn. Code Ann. § 50-6-225 (emphasis added).[1]

TDOL rules, promulgated pursuant to section 50-6-225, provide only five ways in which the benefit review conference is "otherwise exhausted" prior to its completion:

> (a) Issuance of a Benefit Review Report which indicates an Order Denying Benefits based upon non-compensability of the claim has been issued by a Workers' Compensation Specialist . . . [;]
>
> (b) Reaching a mediated settlement, as evidenced by a signed document executed by the proper parties and the Workers' Compensation Specialist;
>
> (c) Issuance of an impasse report signed and dated by a Workers' Compensation Specialist[;]

---

[1] On May 21, 2012, this section of the code was amended to replace the word "resides" with "resided at the time of the alleged injury." 2012 Tenn. Pub. Acts 1030.

(d) Conducting and completing mediation by private Rule 31 mediator, provided the Department has failed to conduct a [benefit review conference] within 60 days of receipt of such a request, pursuant to Tenn. Code Ann. § 50-6-239(c);

(e) Issuance of a written waiver signed by the Director of the Benefit Review Program or the Director's designee[.]

Tenn. Comp. R. & Regs. 0800-2-5-.09(1) (2006).

Ms. Chapman's cause of action was not ripe for judicial review when she filed her lawsuit in the circuit court. Ms. Chapman filed a request for assistance with TDOL pursuant to Tennessee Code Annotated section 50-6-238.[2] When TDOL failed to act promptly, Ms. Chapman bypassed the benefit review conference process and went straight to the trial court. She neither commenced nor completed the benefit review conference process.

Ms. Chapman argues that the workers' compensation act is a remedial statute and should be equitably construed by the court, see Tennessee Code Annotated section 50-6-116, and that her administrative remedies were effectively exhausted due to the long period of inaction of the TDOL. We agree that the Workers' Compensation Act is remedial and should be equitably construed, but there is no ambiguity in the statute which would allow the court to interpret it in Ms. Chapman's favor. Ms. Chapman relies on Coe v. City of Sevierville, 21 S.W.3d 237 (Tenn. Ct. App. 2000), wherein a petitioner who filed a complaint for a declaratory judgment to obtain a permit from the city allowing her to demolish and rebuild an advertising display was not required to exhaust her administrative remedies. When she filed the declaratory judgment action, she had not applied for the permit because a city representative had told her that the permit would not be granted. Id. at 239. At a hearing on the declaratory judgment action, the city argued that the petitioner's complaint should be dismissed for failure to exhaust her administrative remedies. Id. The trial court suggested that the petitioner file an application with the city to obtain the desired permit and held the judicial proceedings in abeyance pending the resolution of the permit application. Id. at 239-40. The petitioner submitted an application for the permit, but the city refused to address the application until the conclusion of the pending litigation. Id. at 240. At that point, the trial

_____

[2] Pursuant to this statute, a party may request the assistance of a workers' compensation specialist to determine if temporary disability or medical benefits are appropriate. A specialist assigned to the case obtains relevant medical records and other information and, thereafter, independently determines whether temporary disability or medical benefits are appropriate. Tenn. Code Ann. § 50-6-238(a)(5)-(6). Upon determining that such benefits are appropriate, the specialist may order that an employer or workers' compensation insurer begin, continue, or recommence the benefits. Tenn. Code Ann. § 50-6-238(a)(2)-(3).

court determined that the petitioner had effectively exhausted her administrative remedies because of the city's refusal to act. The city appealed, and the Court of Appeals affirmed.

Ms. Chapman's reliance on Coe is misplaced because Coe is factually distinguishable. First, in Coe, the petitioner sued the administrative body responsible for approving or disapproving the petitioner's permit. Here, TDOL is not a defendant and the parties are both private parties; DaVita has no control over TDOL's processing of Ms. Chapman's request for assistance. Second, in Coe, the administrative body decided not to act on the petitioner's permit application until after the conclusion of the pending litigation. Here, TDOL never indicated to Ms. Chapman that it was refusing to act. In fact, TDOL eventually granted Ms. Chapman's request for assistance.

In the case before us, there is clear legislative intent that the administrative process cannot be circumvented and must be exhausted. In construing a statute, we must "ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." State v. Strode, 232 S.W.3d 1, 9 (Tenn. 2007) (quoting Houghton v. Aramark Educ. Res., Inc., 90 S.W.3d 676, 678 (Tenn. 2002)). Legislative intent is determined from "the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." Id. (internal quotation marks omitted). If the statutory language is clear and unambiguous, we apply the statute's plain language in its normal and accepted use. Id.

The use of the word "shall" in sections 50-6-203(a) and 50-6-225(a)(1) clearly indicates the legislature's intention that exhaustion of the benefit review conference process is a mandatory prerequisite to filing a cause of action. See Bellamy v. Cracker Barrel Old Country Store, Inc., 302 S.W.3d 278, 281 (Tenn. 2009) ("When 'shall' is used . . . it is ordinarily construed as being mandatory and not discretionary." (quoting Stubbs v. State, 393 S.W.2d 150, 154 (Tenn. 1965)). And this Court has consistently and unequivocally interpreted the Tennessee workers' compensation statutes at issue as *mandating* the exhaustion of the administrative process before suit is filed.[3] In Lynch v. City of Jellico, 205 S.W.3d 384, 390-91 (Tenn. 2006), we held: "As part of the Workers' Compensation Reform Act of 2004, the legislature decided that parties having a workers' compensation dispute over injuries occurring after January 1, 2005, must exhaust an administrative process, called a benefit review conference, before filing suit." Additionally, in West v. Vought Aircraft

___

[3] Workers' compensation appeals panels have reached the same conclusion. See, e.g., Robertson v. Roadway Express, No. E2011-01384-WC-R3-WC, 2012 WL 2054170, at *7 (Tenn. Workers' Comp. Panel June 8, 2012); Holland Grp. v. Sotherland, No. M2008-00620-WC-R3-WC, 2009 WL 1099275, at *2 (Tenn. Workers' Comp. Panel Apr. 24, 2009); S. Cellulose Prods. v. DeFriese, No. E2008-00814-WC-R3-WC, 2009 WL 152313, at *6 (Tenn. Workers' Comp. Panel Jan. 22, 2009).

Indus., Inc., 256 S.W.3d 618, 622 (Tenn. 2008), we held that "the Workers' Compensation Law now provides a definitive moment when a complaint can be filed—the moment the benefit review conference is concluded without a settlement."

A trial court does not obtain subject matter jurisdiction of a workers' compensation case until the benefit review conference process has been exhausted. Our decision should not be construed to condone unreasonable delays by TDOL in handling claims. The accelerated appeal provided by Tennessee Code Annotated section 50-6-238(d)(1)-(2) indicates that the legislature intended an expeditious process. TDOL should respond to a request for assistance within a reasonable period of time; in this case it failed to do so. Ms. Chapman, however, had alternatives other than filing suit to prompt TDOL to act, including additional contact with the specialist, contact with the Administration of the Division of Workers Compensation, or, as a last resort, filing a mandamus action.

The trial court erred by failing to dismiss Ms. Chapman's complaint for lack of subject matter jurisdiction. Ms. Chapman's complaint is dismissed without prejudice. Costs of this appeal are taxed to Lacey Chapman, for which execution may issue, if necessary.

_____
SHARON G. LEE, JUSTICE