

# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs February 2, 2017

## CITY OF CHURCH HILL v. ROGER ELLIOTT

**Appeal from the Circuit Court for Hawkins County**
**No. 2016CV124      Alex E. Pearson, Judge**

_____

### No. E2016-01915-COA-R3-CV

_____

Because defendant was charged and found guilty of violating a state statute, rather than a municipal ordinance, we conclude that we are without subject matter jurisdiction to consider this appeal. Therefore, we must transfer this case to the Tennessee Court of Criminal Appeals in accordance with Rule 17 of the Tennessee Rules of Appellate Procedure for further adjudication.

**Tenn. R. App. P. 3 Appeal as of Right; Case Transferred to the Tennessee Court of Criminal Appeals**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Roger Elliott, Church Hill, Tennessee, Pro Se.

William E. Phillips, Rogersville, Tennessee, for the appellee, City of Church Hill, Tennessee.

## MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

BACKGROUND

On December 20, 2015, at approximately 9:55 p.m., Officer K. Grigsby of the Church Hill Police Department issued a citation to Appellant/Defendant Roger Elliott. Mr. Elliott was charged with "improper passing" and was summoned to appear in the Municipal Court of Church Hill. The matter was heard on March 16, 2016, and Mr. Elliot was found guilty of "improper passing."

Following this conviction, Mr. Elliott prosecuted an appeal to the Hawkins County Circuit Court, and a de novo bench trial was conducted.[2]  By order of September 19, 2016, the circuit court judge found Mr. Elliott guilty "beyond a reasonable doubt" of a violation of Tennessee Code Annotated section 55-8-118(b) by "failing to safely pass a stopped vehicle[] at the intersection of Main Street and Central Avenue[.]"  Mr. Elliott then appealed to this Court.

## ISSUES

In his appellate brief, Mr. Elliott raises one issue for our review:

1.  Is passing right of a stopped, left-turn-signaling vehicle unlawful because it, or any other vehicle, could suddenly turn toward the passing-on-the-right vehicle?

The City of Church Hill raises two additional issues:

2. Is the record on appeal sufficient to reverse the decision of the trial court?
3. Did [Mr. Elliot] improperly pass a motor vehicle on the right on a city street within the corporate limits of Church Hill, Tennessee; thus violating the provisions of [Tennessee Code Annotated section] 55-8-118(b)?

## DISCUSSION

Pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, we must begin our discussion by first considering whether we have subject matter jurisdiction over this case. Tenn. R. App. P. 13(b) ("The appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review[.]"); *Person v. Kindred Healthcare, Inc.*, No. W2009-01918-COA-R3-CV, 2010 WL 1838014, at *2 (Tenn. Ct. App. May 7, 2010) ("[W]e must begin our discussion by first determining whether we have jurisdiction to adjudicate this appeal.").

---

[2] It is unclear from the record when the de novo trial was held.  The City's brief, however, states that the de novo bench trial was held on March 24, 2016.

"Subject matter jurisdiction refers to a court's authority to adjudicate a particular case or controversy and 'depends on the nature of the cause of action and the relief sought.'" *In re Baby*, 447 S.W.3d 807, 837 (Tenn. 2014) (quoting *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712 (Tenn. 2012)). Based on our review of the record, we conclude that the underlying matter is criminal in nature and therefore is properly appealed to the Court of Criminal Appeals rather than this Court. In reaching this conclusion, we note that the record on appeal does not indicate that Mr. Elliott was charged with violating a municipal ordinance such that the appeal could be deemed civil in nature. *See generally State v. Tubwell*, No. W2012-01385-CCA-R3-WM, 2012 WL 6476097, at *2 (Tenn. Crim. App. Dec. 13, 2012) (noting that the nature of appellate jurisdiction is dependent on whether the defendant was charged with violating a municipal ordinance as opposed to a state statute). Instead, the record indicates that Mr. Elliott was charged only with "improper passing" on the citation. The first mention in the record of any code violation is contained in the September 19, 2016 order finding Mr. Elliot guilty of violating Tennessee Code Annotated section 55-8-118(b), a state law. *See City of La Vergne v. LeQuire*, No. M2016-00028-COA-R3-CV, 2016 WL 6124117, at *5 (Tenn. Ct. App. Oct. 19, 2016) (noting that if "the defendant is charged with violating a state statute, the . . . Court of [Criminal] Appeals has jurisdiction" but that if the "defendant is charged with violating a municipal ordinance, [then] this Court has jurisdiction"). As such, we must transfer this matter to the Tennessee Court of Criminal Appeals for further resolution in accordance with Rule 17 of the Tennessee Rules of Appellate Procedure.

### CONCLUSION

Based on the forgoing, we hereby transfer this matter to the Tennessee Court of Criminal Appeals for further resolution of the case. An order transferring the case will be entered contemporaneously with the filing of this Opinion.

_____
J. STEVEN STAFFORD, JUDGE