IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 5, 2017 Session

## VANESSA BERLANGA ET AL. v. TENNESSEE DEPARTMENT OF SAFETY AND HOMELAND SECURITY

**Appeal from the Chancery Court for Davidson County**
No. 16-0770-III     Russell T. Perkins, Chancellor
_____

**No. M2017-00745-COA-R3-CV**
_____

Claimants to cash seized by the Rutherford County Sheriff's Office moved to dismiss the related administrative forfeiture proceeding. They also requested an award of attorney's fees. An administrative law judge granted the motion to dismiss but did not address the request for attorney's fees. Claimants later filed a separate motion for attorney's fees, which the ALJ denied. Claimants then filed a petition for judicial review. Claimants filed their petition within sixty days of the denial of the motion for attorney's fees but over sixty days from the day the order granting the motion to dismiss became final. The chancery court reversed, awarding claimants part of the attorney's fees requested. Because it lacked subject matter jurisdiction over the petition, we vacate the decision of the chancery court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Herbert H. Slatery III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; and Michael A. Meyer, Special Counsel Law Enforcement & Special Prosecutions Division, for the appellant, Tennessee Department of Safety and Homeland Security.

Herbert S. Moncier, Knoxville, Tennessee, for the appellees, Vanessa G. Berlanga, Sonia Berlanga, and Hector Silva.

## OPINION

## I.

### A.

On the morning of June 9, 2015, Vanessa G. Berlanga and her mother, Sonia Berlanga-Pablo, drove to the Rutherford County Adult Detention Center. They hoped to secure the release of Ms. Berlanga's brother, Hector Silva. Earlier that morning, the LaVergne Police Department had arrested Mr. Silva on a charge of felony possession of a Schedule II controlled substance and possession of drug paraphernalia. *See* Tenn. Code Ann. § 39-17-417(a)(4) (2018).

Ms. Berlanga attempted to post Mr. Silva's bond in cash, $12,000 in $100 bills. This aroused the suspicions of the Rutherford County Sheriff's Office, which sent a detective to investigate. When interviewed, Ms. Berlanga claimed that she along with her mother, various other family members, and people in the community were the sources of the cash. The detective also discovered that Ms. Berlanga-Pablo had another $1,100 in large bills in her purse.

While the interview proceeded, another detective conducted a controlled canine test for narcotics on the cash. According to a later-filed affidavit, the canine walked past three closed boxes and turned to indicate the odor of narcotics coming from the box with the cash from Ms. Berlanga and Ms. Berlanga-Pablo. The canine also indicated on the vehicle driven by Ms. Berlanga.

Ultimately, the detective seized all the cash on the suspicion that it constituted proceeds from illegal narcotics distribution. *See id.* §§ 40-33-201 (2018), 53-11-451(a)(6)(A) (Supp. 2018). Although the $1,100 from Ms. Berlanga-Pablo's purse was also seized, the seizing officer only provided a notice of property seizure to Ms. Berlanga. *See id.* § 40-33-203(a), (c) (2018). Ms. Berlanga was also given notice of the forfeiture warrant hearing. *See id.* § 40-33-203(d).

At the conclusion of the hearing, the judge issued a forfeiture warrant, finding "probable cause to believe that $13,100.00 U.S. Currency is subject to forfeiture." *See id.* § 40-33-204(c)(1) (2018). As the basis for the forfeiture, the warrant listed the subsection of the forfeiture statute applicable to conveyances rather than currency. *Compare id.* § 53-11-451(a)(4) ("All conveyances, including aircraft, vehicles or vessels that are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale or receipt of [controlled substances.]"), *with id.* § 53-11-451(a)(6)(A) ("Everything of value furnished, or intended to be furnished, in exchange for a controlled substance or controlled substance analogue . . ., all proceeds traceable to the exchange, and all

2

moneys, negotiable instruments, and securities used, or intended to be used, to facilitate any violation of the Tennessee Drug Control Act[.]").

The Rutherford County Sheriff's Office mailed the notice of seizure and forfeiture warrant to the Tennessee Department of Safety and Homeland Security (the "Department"). *See id.* § 40-33-204(g). Upon receipt, the Department sent a notice of forfeiture to Ms. Berlanga. *See id.* Ms. Berlanga, Ms. Berlanga-Pablo, and Mr. Silva (the "Claimants") all submitted timely claims to the $13,100 and requested a hearing. *See id.* §§ 40-33-206, -207 (2018).

Before the scheduled hearing, the Claimants filed a motion to dismiss, which would later be amended, claiming "multiple statutory violations." Among other things, the Claimants argued that "the forfeiture warrant only authorized a forfeiture proceeding for a vehicle, not U.S. Currency." The Claimants further argued that the affidavit for the forfeiture warrant "did not establish probable cause" for the seizure. As relief, they requested the dismissal of the forfeiture proceeding, the return of the cash, and an award of attorney's fees under Tennessee Code Annotated § 4-5-325 (2015).

On March 14, 2016, following an evidentiary hearing, the ALJ granted the Claimants' motion to dismiss and ordered return of the cash. The ALJ found that the primary basis for probable cause offered by the affiant in obtaining the forfeiture warrant was "flimsy." He also found that the forfeiture warrant was "erroneously completed," beyond mere clerical errors, which rendered the warrant invalid.

On May 10, 2016, the Claimants filed a motion for attorney's fees, which again cited Tennessee Code Annotated § 4-5-325. The Claimants also asserted that alleged constitutional violations entitled them to attorney's fees. The Department moved to dismiss for lack of jurisdiction, mootness, and failure to state a claim. On May 20, 2016, the ALJ entered an order denying the Claimants' request for attorney's fees.

B.

On July 19, 2016, in the Chancery Court for Davidson County, Tennessee, the Claimants filed a petition for judicial review of the denial of their motion for attorney's fees. In response, the Department moved to dismiss based on lack of standing and mootness.

The chancery court denied the motion to dismiss and found that the Claimants were entitled to recovery of their attorney's fees incurred in the administrative proceeding under Tennessee Code Annotated § 4-5-325(a)(1).[1] After reviewing counsel's statement

---

[1] The statute under which the chancery court concluded an award of attorney's fees was appropriate provides as follows:

3

for services and adjusting for some "discrepanc[ies]" in the numbers and calculations, the court awarded the Claimants attorney's fees in the amount of $15,092.70.

The Claimants then filed a motion for attorney's fees and costs on judicial review under Tennessee Code Annotated § 4-5-325(b).[2] The chancery court denied this request.

## II.

The parties appeal raising several issues for our review. We first consider whether the chancery court lacked subject matter jurisdiction. On appeal, the Department claims that the Claimants' petition seeking judicial review was untimely.

Judicial review of forfeitures stemming from violations of the Tennessee Drug Control Act are conducted under Tennessee Code Annotated § 4-5-322, which is found in the Uniform Administrative Procedures Act ("APA"). Tenn. Code Ann. §§ 53-11-451(a)(6)(A), 40-33-213(b) (2018). Under that statute, persons aggrieved by a final decision of an administrative agency must file their petitions for review within sixty days after the entry of the agency's final order. *Id.* § 4-5-322(b)(1)(A) (Supp. 2018). "A party's failure to file a petition for review on or before the statutory deadline prevents the courts from exercising their jurisdiction to review the agency's decision." *Davis v. Tenn. Dep't of Emp't Sec.*, 23 S.W.3d 304, 307-08 (Tenn. Ct. App. 1999).

Whether a court lacks subject matter jurisdiction presents a question of law, which we review de novo. *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712-13 (Tenn. 2012). "A challenge to subject matter jurisdiction cannot be waived and may be raised at any

---

(a) When a state agency issues a citation to a person, local governmental entity, board or commission for the violation of a rule, regulation or statute and such citation results in a contested case hearing, at the conclusion of such hearing, the hearing officer or administrative law judge may order such agency to pay to the party issued a citation the amount of reasonable expenses incurred because of such citation, including a reasonable attorney's fee, if such officer or judge finds that the citation was issued:

(1) Even though, to the best of such agency's knowledge, information and belief formed after reasonable inquiry, the violation was not well grounded in fact and was not warranted by existing law, rule or regulation . . . .

Tenn. Code Ann. § 4-5-325(a).

[2] Tennessee Code Annotated § 4-5-325(b) permits a reviewing court to award "reasonable expenses incurred because of [a] citation, including a reasonable attorney's fee," on the same grounds as a hearing officer or an administrative law judge. Tenn. Code Ann. § 4-5-325(a), (b)

time," even for the first time on appeal. *Church of God in Christ, Inc. v. L. M. Haley Ministries, Inc.*, 531 S.W.3d 146, 157 (Tenn. 2017).

Under the APA, "the administrative judge . . . shall render an initial order, which shall become a final order unless reviewed in accordance with § 4-5-315." Tenn. Code Ann. § 4-5-314(b) (2015). Under § 4-5-315, among other things, the agency may review an initial order upon its own motion or in response to a petition for appeal from any party. *Id.* § 4-5-315 (2015). Such a review did not occur in this case. So, absent the grant of a stay or some later date being specified in the initial order, the initial order became final "[f]ifteen (15) days after entry." *See id.* § 4-5-318(f) (2015).

We conclude that the filing of the Claimants' petition for judicial review was untimely. Here, no stay was granted and the initial order entered on March 14, 2016, did not specify a later date for finality. So the time for filing a petition for judicial review began to run on March 29, 2016, fifteen days after the initial order's March 14 entry. The Claimants did not file a petition for judicial review until July 19, 2016, over sixty days after entry of the final order.

We are not convinced by the Claimants' argument that there was no final order until entry of the ALJ's order denying their motion for attorney's fees.[3] Under Rule of Procedure for Asset Forfeiture Hearings 1340-02-02-.19(1), cited by the Claimants in their brief, "errors arising from oversight or omissions[] may be corrected by the respective administrative judge . . . on motion of any party or on their own motion." TENN. COMP. R. & REGS. 1340-02-02-.19(1) (2015); *see* Tenn. Code Ann. § 40-33-214 92018) (providing that "[a]ny applicable agency authorized to conduct forfeiture hearings pursuant to . . . § 53-11-451 . . . may promulgate rules in accordance with the Uniform Administrative Procedures Act . . . to supplement and administer this part"). But "[t]he entering of a corrected order will not affect the dates of the original appeal time period." TENN. COMP. R. & REGS. 1340-02-02-.19(1).

The Claimants requested an award of attorney's fees in their motion to dismiss. The ALJ's failure to address this issue constituted an "error[] arising from oversight or omission." Despite the Claimants' contention otherwise, under the Rules of Procedure for Asset Forfeiture Hearings, the ALJ's entry of the corrected order on May 20, 2016, did not commence a new sixty-day time period for the filing of a petition for judicial review.

---

[3] The initial order entered on March 14, 2016, did not comply with all of the requirements of Tennessee Code Annotated § 4-5-314(c), but this deficiency is not raised as an issue on appeal. In their petition for judicial review, the Claimants stated that "[t]he initial order became final on March 29, 2016 because there was no appeal."

We are also unconvinced by the Claimants' other arguments that the time for seeking judicial review was extended. First, they argue that their separate motion for attorney's fees, filed within sixty days of the March 14, 2016 order granting the motion to dismiss, was a proper "post-trial motion." Second, they argue that the forfeiture proceedings were "not completed" at the time they filed the motion for attorney's fees because: (1) they had not yet received the return of their property, and (2) the Department "had a right to seek . . . judicial review" during that time. The problem with both arguments is that they run counter to the plain language of the statutes that specify when an initial order of an administrative law judge becomes final. *See* Tenn. Code Ann. §§ 4-5-314(b), -318.

### III.

Because the Claimants' petition for judicial review was untimely, the chancery court lacked subject matter jurisdiction. *See Davis*, 23 S.W.3d 307-08. When a trial court lacks subject matter jurisdiction, the case must be dismissed without reaching the merits of the petition. Such a disposition is required because "[j]udgments or orders entered by courts without subject matter jurisdiction are void." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). Thus, we vacate the chancery court's judgment and remand the case with directions to enter an order dismissing the Claimants' petition for judicial review. *See id.* ("[W]hen an appellate court determines that a trial court lacked subject matter jurisdiction, it must vacate the judgment and dismiss the case without reaching the merits of the appeal.").

_____
W. NEAL MCBRAYER, JUDGE

6