IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 1, 2022

## STATE OF TENNESSEE EX REL. KIMBERLY KREPELA HOARD v. RICHARD LANE BARROM

**Appeal from the Juvenile Court for Shelby County**
**No. Z4311    Dan H. Michael, Judge**

_____

### No. W2022-00085-COA-R3-JV

_____

In this Title IV-D child support case, the juvenile court modified a father's child support obligation pursuant to the Child Support Guidelines after the child had reached the age of majority and had graduated high school. We vacate and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court**
**Vacated; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and CARMA DENNIS MCGEE, J., joined.

Robert A. Wampler, Memphis, Tennessee, for the appellant, Richard Lane Barrom.

Jonathan Skrmetti, Attorney General and Reporter, and Eric W. Donica, Assistant Attorney General, for the appellee, State of Tennessee *ex rel*. Kimberly Krepela Hoard.

## OPINION

### I. BACKGROUND

The appellant Richard Lane Barrom ("Father") and Kimberly Krepela Hoard ("Mother") were divorced by final decree entered by the Shelby County Circuit Court in 2010. The final decree incorporated an agreed permanent parenting plan concerning the then-minor children, V.L.B. and C.L.B., born in 1993 and 2002, respectively. As to child support, the agreed parenting plan provided that Father shall pay to Mother $400.00 monthly. The parenting plan also provided that the amount of support "shall be $400.00 per child until they reach 21 years of age with the amount due to be modified pursuant to the Tennessee Child Support Guidelines."

Because this is a child support action, the appellee State of Tennessee acts on Mother's behalf through the Tennessee Department of Human Services and the Attorney General of Tennessee, and pursuant to Title IV-D of the Social Security Act, 42. U.S.C. § 651.[1] On January 7, 2014, the State filed in the Shelby County Circuit Court a "Notice of Title IV-D Services and Notice of Transfer to the Juvenile Court of Memphis and Shelby County, Tennessee."[2] The juvenile court "administratively accepted jurisdiction . . . for the purposes of enforcement and modification of child support." On September 30, 2014, the State filed a petition to establish arrears and/or modify order. Following a hearing, the juvenile court found no child support arrearage. The juvenile court also corrected a clerical error in the agreed parenting plan such that Father's child support obligation was $400.00 per month total until the children reached the age of twenty-one, instead of $400.00 per month per child.[3]

On June 27, 2017, Father petitioned the juvenile court to modify child support, alleging that he was earning a lower monthly income due to an injury. Father further alleged that the eldest child, V.L.B., was then a twenty-four-year-old college graduate. C.L.B. was still a minor. Following a hearing, the juvenile court reduced Father's child support obligation to $242.00 monthly.

On March 9, 2020, the State again petitioned to modify child support. The youngest child, C.L.B., reached the age of majority the next month. Following a hearing and by order entered July 2, 2020, the juvenile court ordered that Father's child support obligation be increased from $242.00 monthly to $441.00 monthly "beginning June 1, 2020." Over a year later, Father moved to set aside the July 2, 2020 order.[4] Father argued that the juvenile court lacked jurisdiction to modify child support because C.L.B. had turned eighteen and had graduated high school at the time of entry of the juvenile court's order. For that reason, Father requested that the July 2, 2020 order "be declared void and set aside." By order entered December 9, 2021, the juvenile court denied Father's motion to set aside. The juvenile court determined that it had "jurisdiction to modify the child support order." Father appealed.

## II.    ISSUES

---

[1] *See* Tenn. Code Ann. § 36-5-1101(8); Tenn. Comp. R. & Regs. 1240-02-06-.03(1).

[2] In Shelby County, child support cases being enforced under Title IV-D are heard in the juvenile court. *See* Tenn. Code Ann. § 36-5-402(b)(2).

[3] C.L.B.'s upcoming twenty-first birthday will be in the Spring of 2023.

[4] Throughout the record and in his appellate brief, Father mistakenly refers to this order as the June 8, 2020 order. June 8, 2020 was the date of the hearing.

The dispositive issue is whether the juvenile court had jurisdiction to modify child support after the child reached the age of majority.

## III.    STANDARD OF REVIEW

"Subject matter jurisdiction depends on the nature of the cause of action and the relief sought . . . and can only be conferred on a court by the constitution or a legislative act." *Chapman v. DaVita, Inc*., 380 S.W.3d 710, 712 (Tenn. 2012) (internal citations omitted).  The question of whether a court possesses subject matter jurisdiction is an issue of law, which we review de novo.  *Id*. at 712–13.

## IV.    DISCUSSION

"Tennessee Code Annotated § 36-5-101 delimits the boundaries of a court's authority to award and modify child support."  *Grace v. Grace*, No. M2021-00116-COA-R3-CV, 2022 WL 4138889, at *6 (Tenn. Ct. App. Sept. 13, 2022) (citing *Woodard v. Woodard*, No. E2017-00200-COA-R3-CV, 2018 WL 3339754, at *2 (Tenn. Ct. App. July 9, 2018)).  Additionally, "decisions regarding child support must be made within the strictures of the Child Support Guidelines."  *Richardson v. Spanos*, 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005) (citations omitted).  On appeal, Father and the State agree that the juvenile court had jurisdiction to modify child support until C.L.B. reached the age of majority and graduated high school.  *See* Tenn. Comp. R. & Regs. 1240-02-04-.02(7)(a) (providing that a person who turns eighteen while still in high school will continue to be considered a "child" for purposes of the Child Support Guidelines until the person graduates or his class graduates, whichever occurs last).  It is also undisputed that C.L.B. reached the age of majority and graduated high school both before the juvenile court entered the July 2, 2020 order modifying child support under the Guidelines and before the retroactive effective date of the modification, June 1, 2020.  Based on the foregoing facts and authority, we hold that the juvenile court lacked jurisdiction to modify Father's child support obligation.  Accordingly, we vacate the court's July 2, 2020 and December 9, 2021 orders.

## V.    CONCLUSION

For the foregoing reasons, we vacate the judgment of the juvenile court.  The case is remanded for such further proceedings as may be necessary and consistent with this opinion.  Costs of the appeal are taxed to the appellee, State of Tennessee *ex rel*. Kimberly Krepela Hoard.

_____
JOHN W. McCLARTY, JUDGE