IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 10, 2024

**STATE OF TENNESSEE v. DAVID ANTHONY AVERY**

**Appeal from the Criminal Court for Davidson County**
**No. 2006-C-2451     Cheryl A. Blackburn, Judge**

_____

**No. M2024-00651-CCA-R3-CD**
_____

Petitioner, David Anthony Avery, filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 claiming that his sentences were illegal because his criminal case was a civil matter, that the United States District Court had original jurisdiction over all civil cases, and that the trial court did not have jurisdiction to impose the sentences. We determine that the motion failed to state a colorable claim and affirm summary dismissal of the motion by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JOHN W. CAMPBELL, SR., JJ., joined.

David Anthony Avery, Henning, Tennessee, pro se.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Megan King, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History**

Petitioner and two co-defendants, Frederick Avery and Iris Avery, were indicted on two counts of especially aggravated robbery and two counts of attempted first degree murder. *State v. Avery*, No. M2008-01809-CCA-R3-CD, 2009 WL 4724430, at *1 (Tenn.

Crim. App. Dec. 10, 2009), *perm. app. denied* (Tenn. Apr. 23, 2010).[1]  Co-Defendant Iris Avery entered a guilty plea, and a jury found Petitioner and Frederick Avery guilty of one count each of aggravated robbery, especially aggravated robbery, reckless endangerment, and attempted second degree murder.  *Id*.  The trial court sentenced Petitioner as a Range I standard offender to twelve years for aggravated robbery, twenty-five years for especially aggravated robbery, twelve years for attempted second degree murder, and eleven months and twenty-nine days for reckless endangerment.  *Id.* at \*14.  The trial court aligned the three felony sentences consecutively, for a total effective sentence of forty-nine years.  *Id*. at \*16.  In the direct appeal, this court concluded that the trial court did not err in determining the length of Petitioner's sentences or in aligning the sentences consecutively and affirmed the judgments of the trial court.  *Id*. at \*15, 17.

Petitioner filed a petition for post-conviction relief, claiming ineffective assistance of trial and appellate counsel, which was denied by the post-conviction court.  This court affirmed the denial.  *Avery v. State*, No. M2011-02625-CCA-R3-PC, 2012 WL 6570737, at \*1 (Tenn. Crim. App. Dec. 17, 2012), *perm. app. denied* (Tenn. Mar. 20, 2013).

Petitioner next filed a petition for writ of habeas corpus, which the trial court denied. This court granted the State's motion to dismiss the appeal.  *Avery v. Taylor*, No. E2013-02096-CCA-R3-HC (Tenn. Crim. App. Dec. 19, 2013) (Order).

Petitioner then filed a "Motion for Relief Affidavit in the Nature of a Writ of Quo Warranto" seeking to have his judgments set aside, immediate release, and damages in the amount of $333,333,333.33.  The motion was dismissed by the trial court, and the dismissal was affirmed by the Tennessee Court of Appeals.  *Avery v. Blackburn*, No. M2021-01482-COA-R3-CV, 2022 WL 3905089, at \*1 (Tenn. Ct. App. Aug. 31, 2022), *perm. app. denied* (Tenn. Nov. 16, 2022).

In 2023, Petitioner filed a Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence, arguing that the trial court misapplied enhancement factors and improperly imposed consecutive sentences.  The trial court denied relief, and Petitioner appealed.  This court dismissed the appeal as untimely.  *State v. Avery*, No. M2023-01582-CCA-R3-CD (Tenn. Crim. App. Dec. 13, 2023) (Order).

---

[1] Petitioner's Rule 11 application for permission to appeal was denied on April 23, 2010.  Frederick Avery's Rule 11 application for permission to appeal was dismissed as untimely on February 26, 2010; a second application for permission to appeal was denied on February 16, 2012.

## Current Rule 36.1 Motion

Petitioner filed another Rule 36.1 motion, claiming that his sentence was illegal because the trial court did not have jurisdiction to impose the sentence. Petitioner, who inexplicably referred to the State as "trust company" and to himself as "trust property," claimed that, pursuant to Rule 2 of the Federal Rules of Civil Procedure, there was only "one form of action – the civil action" and that "the [United States] district courts have original jurisdiction of all civil actions." The trial court summarily denied the motion, finding that the federal law Petitioner cited did not apply to criminal proceedings in Tennessee and that there was "no jurisdictional issue in this case."

Petitioner appealed.

## Analysis

On appeal, Petitioner raises the same baseless claim that he raised in the Rule 36.1 motion: that his sentences were illegal because the trial court "did not have jurisdiction over the claims in the civil action between the [State] (trust company) and [Petitioner] (trust property)." The State argues that the trial court properly dismissed the Rule 36.1 motion because it failed to state a colorable claim. We agree with the State.

Rule 36.1 provides "a mechanism for the defendant or the State to seek to correct an illegal sentence." *State v. Wooden,* 478 S.W.3d 585, 591 (Tenn. 2015). For Rule 36.1 purposes, "an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). Rule 36.1 "does *not* provide an avenue for seeking the reversal of convictions." *State v. Wilson,* No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014) (emphasis in original).

"If the [trial] court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion." Tenn. R. Crim. P. 36.1(b)(2). A colorable claim is "a claim that, if taken as true and viewed in the light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d 585 at 593. Whether a Rule 36.1 motion states a colorable claim for correction of an illegal sentence is a question of law, which we review de novo.

We agree with the State's argument that Petitioner "is profoundly mistaken about the nature of the proceedings against him." Tennessee Code Annotated section 40-14-301(3) defines "criminal case" to mean "the trial of any criminal offense which is punishable by confinement in the state penitentiary and any proceeding for the writ of habeas corpus wherein the unlawful confinement is alleged to be in a state, county or

municipal institution[.]" The criminal offenses for which Petitioner was convicted were punishable by confinement in the Tennessee Department of Correction. This was a criminal case, and Petitioner's claim that it was somehow a civil case is preposterous and utterly absurd.

Pursuant to Tennessee Code Annotated section 40-1-108, "[t]he circuit and criminal courts have original jurisdiction of all criminal matters not exclusively conferred by law on some other tribunal." Petitioner has not presented any evidence or case law, probably because none exist, to suggest that the trial of his criminal charges were "exclusively conferred by law on some other tribunal." *See State v. Prewitt*, No. W2016-01516-CCA-R3-CD, 2017 WL 1103047, at *3 (Tenn. Crim. App. Mar. 24, 2017).

"Subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it." *Chapman v. DaVita, Inc*., 380 S.W.3d 710, 712 (Tenn. 2012). Petitioner was indicted by the Davidson County Grand Jury and was tried by the Criminal Court for Davidson County, which had subject matter jurisdiction over crimes occurring in Davidson County.

## Conclusion

Petitioner's Rule 36.1 motion failed to state a colorable claim for relief. We affirm the judgment of the trial court.

_____
ROBERT L. HOLLOWAY, JR., JUDGE