**Millisa Ann MUNKE, Plaintiff–Appellant,**

v.

**James Joe MUNKE, Sr., Defendant–Appellee.**

Court of Appeals of Tennessee, Western Section, at Jackson.

May 23, 1994.

Application for Permission to Appeal Denied by Supreme Court July 25, 1994.

William W. Dunlap, Jr., Memphis, James D. Wilson, Memphis, for appellant.

Donna M. Fields, Memphis, for James Joe Munke, appellee.

George D. McCrary, Bartlett, for City of Bartlett Police Department.

CRAWFORD, Judge.

The issue in this appeal is whether the trial court erred in ordering that appellant, Bartlett Police Department, "allow the parties access to the tape recorded statements taken from plaintiffs' daughter and the transcripts thereof for use in litigation in this court."

On December 23, 1991, plaintiff, Millisa Ann Munke, sued defendant, James Joe Munke, Sr., for divorce. The complaint sought, among other things, custody of the parties' two minor children. On October 26, 1992, James Joe Munke, Sr., filed a petition in the Memphis and Shelby County Juvenile Court to declare the children dependent and neglected. The Juvenile Court determined that the children were dependent and neglected and ultimately entered an order granting custody of the children to the father, James Joe Munke, under the supervision of the Tennessee Department of Human Services. Mrs. Munke appealed this decision to the circuit court, where the case was consolidated for disposition with the divorce case previously filed in chancery court and transferred to circuit court.

On October 8, 1993, the circuit court entered a "consent order directing disclosure of statements," which we quote:

It appears to the Court that the parties consent and agree that there are tape recordings and typewritten transcripts of tape recordings of statements by the parties' daughter, Miranda Munke, to Lieutenant Johnson of the Bartlett Police Department on or about October 24, 1992, October 25, 1992, and April 5, 1993.

It further appears to the Court that the parties consent and agree that the proceedings before this Court involve issues of protecting a child or children from child abuse, neglect, or child sexual abuse. The parties further agree that the tape recordings and transcripts of statements by Miranda Munke may be necessary information for the proper disposition of this case and, therefore, the said tapes and transcripts should be disclosed to the parties.

It further appears to the Court that the parties consent and agree that this Court should order the District Attorney General for the Thirtieth Judicial District of Tennessee to deliver copies to counsel for the parties of any tape recordings or transcripts and transcripts of tape recordings of any statements given by Miranda Munke, including those statements on the dates described above.

The record is silent as to any efforts to enforce this order or the results of such efforts. On October 12, 1993, however, Millisa Ann Munke filed a motion for an order permitting inspection and copying of witness statements, in which she sought access to the tape recorded statements of Miranda Munke taken by Lieutenant Johnson of the Bartlett Police Department on various dates. The motion alleged that the Bartlett Police Department's investigation of child sexual abuse charges concerning the child resulted in indictments, but that the Shelby County District Attorney General dismissed the indictments on September 29, 1993. The motion also averred that the Bartlett Police Depart-

ment had custody of the tape recordings and transcripts thereof, but refused to allow the inspection and copying of same. Mrs. Munke also filed a notice of deposition *duces tecum* seeking the same information that was served on Lieutenant Johnson.

The City of Bartlett filed a motion to quash the subpoena *duces tecum,* which was denied by the circuit court. The order denying the motion directed the Bartlett Police Department to allow the parties access to the aforementioned tape recorded statements and the transcripts thereof. This order also stated that it "is a final judgment as to the City of Bartlett Police Department and that there is no just reason for the delay pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure." The Bartlett Police Department filed a notice of appeal pursuant to T.R.A.P. 3, and the case has reached this Court with the hereinbefore stated issue for review.

■ We should first comment on the method used to bring this case to this Court. We note that Bartlett Police Department is not a party to the proceeding, nor does Bartlett Police Department assert any claim. Tenn.R.Civ.P. 54.02 is applicable only when there is a disposition of "one or more but fewer than all of the claims or parties...." The order appealed from is purely interlocutory and cannot be made final pursuant to Tenn.R.Civ.P. 54.02. The parties should have proceeded by a T.R.A.P. 9 interlocutory appeal by permission, or in the absence of such permission, by a T.R.A.P. 10 extraordinary appeal. However, in the interest of judicial economy, we will treat the appeal as an interlocutory appeal by permission of both the trial court and the appellate court. The trial court evidenced its permission via the 54.02 language in the order. We will consider this Court's order staying the trial court's order pending appeal as a grant of interlocutory appeal.

■ City of Bartlett asserts that under the provisions of T.C.A. § 37–1–601 to § 37–1–616 (1991 & Supp.1993), it is prohibited from disclosing its investigative results. On the other hand, the parties to the litigation, the mother and father of the subject child, assert that pursuant to the provisions of

T.C.A. § 37–1–612(h), the trial court properly ordered the inspection of the involved documents.

T.C.A. § 37–1–612 (1991) provides in pertinent part:

**37–1–612. Confidentiality of records and reports—Violations—Access to records—Confirmation of investigation—Anonymity of abuse reporters.**—(a) In order to protect the rights of the child and his parents or other persons responsible for the child's welfare, all records concerning reports of child sexual abuse, including reports made to the abuse registry and to local offices of the department and all records generated as a result of such reports, shall be confidential and exempt from other provisions of law, and shall not be disclosed except as specifically authorized by the provisions of this part and part 4 of this chapter.

(b) Except as otherwise provided in this part or part 4 of this chapter, it is unlawful for any person, except for purposes directly connected with the administration of this part, to disclose, receive, make use of, authorize or knowingly permit, participate in, or acquiesce in the use of any list or the name of, or any information concerning a report or investigation of a report of harm under this part, directly or indirectly derived from the records, papers, files or communications of the department or divisions thereof acquired in the course of the performance of official duties.

\*     \*     \*     \*     \*     \*

(h) For purposes directly connected with the administration of this part and part 4 of this chapter, the department may disclose any relevant information to the court, administrative board or hearing officer, the parties, or their legal representatives in any proceeding which may be brought in any court, or before any administrative board or hearing officer, for the purpose of protecting a child or children from child abuse or neglect or child sexual abuse. In the event of any disagreement between the department and any other parties as to what information should be disclosed, the court, administrative board or hearing offi-

cer may enter an order allowing access to any information which it finds necessary for the proper disposition of the case. The court, administrative board or hearing officer may order any information disclosed in such proceeding to be placed and kept under seal and not to be open to public inspection to the extent it finds it necessary to protect the child. This provision shall not be construed to allow any person to gain access to any identifying information about a child who is not the subject of the proceeding.

The Bartlett Police Department admits that its criminal investigation was conducted upon referral from TDHS, and the results of the investigation were submitted to the District Attorney General and TDHS. Appellant also concedes that "the Department of Human Services ... is statutorily charged under T.C.A. § 37–1–603(a) and 611(a)(1) with the prime responsibility to establish and manage a 'comprehensive approach for the detection, intervention, prevention, and treatment of child sexual abuse.' "

The State certainly has a compelling interest in the protection and care of minors. *See State Department of Human Services v. Ogle,* 617 S.W.2d 652 (Tenn.App.1980). The prevention of child sexual abuse is a priority of this state. T.C.A. § 37–1–601 (1991).

■ Clearly, under T.C.A. § 37–1–612(h), TDHS may disclose relevant information when its purpose is the "[protection of] a child or children from child abuse or neglect or child sexual abuse." The applicable statutes place the responsibility of TDHS to detect, prevent and treat child sexual abuse, but envision the use by TDHS of various entities to assist in these endeavors. Considering the statutes as a whole, it appears that the provisions for disclosure contained in T.C.A. § 37–1–612(h) apply to TDHS and those entities acting at its behest to assist in compliance with the provisions of the statutes. Moreover, T.C.A. § 37–1–612(h) is quite clear that the court has the authority to enter an order "allowing access to any information which it finds necessary for the proper disposition of the case." In the instant case, the Bartlett Police Department apparently is holding information it acquired for

TDHS that may be released pursuant to T.C.A. § 37–1–612(h). However, there is an obvious disagreement between the holder of the information and the parties seeking the information, and under these circumstances, the trial court should determine what information held by Bartlett Police Department is "necessary for the proper disposition of the case." T.C.A. § 37–1–612(h) (1991). The record does not indicate that any such determination was attempted. We perceive that the proper procedure would be for the court to order an in camera review of the requested information to determine its necessity.

The order of the trial court is vacated and the case is remanded to the trial court for entry of an order requiring an in camera review of the materials sought and a determination of what information is necessary for the proper disposition of the case. After making the determination, the trial court court can enter an appropriate order with such terms and conditions for the protection of all parties involved.

Costs of the appeal are assessed one-half against the City of Bartlett and one-half against Mr. and Mrs. Munke.

HIGHERS and FARMER, JJ., concur.