IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 20, 2024 Session

## RE LAND TN II, INC. v. 840 DEVELOPMENT GROUP, LLC

**Appeal from the Circuit Court for Rutherford County**
**No. 79346     Bonita Jo Atwood, Judge**

_____

**No. M2023-01692-COA-R3-CV**

_____

Appellant appeals the denial of its motion to quash a notice of lien lis pendens. Because the trial court improvidently certified its order as final under Rule 54.02 of the Tennessee Rules of Civil Procedure, we dismiss this appeal for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and KENNY ARMSTRONG, JJ., joined.

Theodore W. Goodman, Murfreesboro, Tennessee, for the appellant, 840 Development Group, LLC.

L. Gilbert Anglin and L. Garrett Anglin, Murfreesboro, Tennessee, for the appellee, RE Land TN II, INC.

## MEMORANDUM OPINION[1]

### I. FACTUAL AND PROCEDURAL HISTORY

On January 18, 2022, Plaintiff/Appellee RE Land TN II, Inc. ("Plaintiff") filed a complaint against Defendant/Appellant 840 Development Group, LLC ("Defendant"), in the Rutherford County Circuit Court ("the trial court"). The complaint alleged that the

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

parties entered into a real estate purchase agreement for a 157.56 acre parcel of real property on December 29, 2021, with Defendant as the seller and Plaintiff as the buyer. Pursuant to the agreement, Plaintiff paid $500,000.00 into escrow for the property but was allegedly unable to secure necessary government approvals for the contemplated commercial uses of the property. According to Plaintiff, the contract therefore permitted it to terminate the contract and recoup the earnest money. When Plaintiff exercised this right, Plaintiff alleged, Defendant refused to return the funds. So Plaintiff asserted that it was entitled to the earnest money as damages under the contract, along with interest, costs, and attorney's fees.

Defendant filed an answer and countercomplaint on March 24, 2022. Therein, Defendant denied that Plaintiff was entitled to a return of the earnest money under the contract. Instead, Defendant asserted that because Plaintiff failed to "use its 'absolute best and most zealous efforts' to obtain government approvals[,]" Plaintiff was "not entitled to receive a refund of their earnest money deposit." Specifically, Defendant alleged that Plaintiff failed to timely and properly apply for the approvals. Defendant therefore asserted that it was entitled to attorney's fees and costs, as well as the earnest money held in escrow. Plaintiff thereafter filed an answer to the counterclaim, denying the material allegations contained therein.

On October 6, 2022, Defendant filed a motion to quash a notice of lien lis pendens filed by Plaintiff. According to the motion, Plaintiff filed a document titled "Notice of Lis Pendens" on August 31, 2022, and caused the document to be recorded in the Rutherford County Register's office. But Defendant asserted that Plaintiff's complaint did not allege any interest in the real property subject to the lien lis pendens. Rather, the complaint asserted that Plaintiff terminated the contract for the sale of the property, and only sought a return of its earnest money and other monetary relief. So Defendant asserted that Plaintiff had no basis for filing the notice of lien lis pendens, that the notice should be quashed, and that the lien should be released, terminated, and declared void.

Plaintiff filed a response on November 3, 2022, arguing that it was permitted to file the notice of lien lis pendens to "protect its interest in the property at issue in this action." Plaintiff offered, however, to expedite the matter so that a final resolution could be had. Eventually, the trial court denied the motion to quash the notice of lien lis pendens by order of November 30, 2022. The order further provided that the disputed $500,000.00 would be paid to the court clerk.

On October 16, 2023, Defendant filed a second motion to quash the notice of lien lis pendens, again asserting that the real property was not the subject of either the complaint or the counterclaim. In the alternative to quashing the notice of lien lis pendens, Defendant's second motion asked that it be permitted to post a bond or other security in lieu of the lien lis pendens and that Plaintiff also be required to post a bond. Again, Plaintiff responded in opposition to the motion, arguing that it had an undetermined interest in the

property via the litigation. By order of November 29, 2023, the trial court once against denied Defendant's motion to quash, on the basis that because of the "valid, enforceable contract for the sale" of the property at issue, Plaintiff "possess[es] an equitable interest in the [p]roperty[.]" Thus, the trial court ruled that Plaintiff was "entitled to file the Notice Lis Pendens[.]" The trial court further ruled that Defendant could not post a bond in lieu of the lien lis pendens and otherwise denied the second motion to quash in its entirety. Unlike the November 2022 order, the November 2023 order stated that the denial of the motion to quash was designated as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, as there was no just reason for delay. This appeal followed.

## II. ISSUES PRESENTED

Defendant raises two categories of issues in this case. First, based on orders from this Court questioning our subject matter jurisdiction over this appeal, Defendant argues that the trial court properly certified the November 2023 ruling as final under Rule 54.02, or in the alternative, that this Court should exercise its discretion to consider this appeal under Rule 9 of the Tennessee Rules of Appellate Procedure. The second category of issues concerns the trial court's decision not to (1) quash the notice of lien lis pendens; (2) allow Defendant to post a bond in lieu of the lien lis pendens; or (3) require Plaintiff to post a bond or sufficient security. Because we conclude that the first category of issues is dispositive of this appeal, we do not reach the second category of issues.

## III. ANALYSIS

In general, a party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Est. of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Est. of Henderson*, 121 S.W.3d at 645.

There are some exceptions to the final judgment requirement. Relevant to this appeal, Rule 54.02 of the Tennessee Rules of Appellate Procedure provides, in pertinent part, as follows:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Tenn. R. Civ. P. 54.02(1); *see also* Tenn. R. App. P. 3(a) (stating that Rule 54.02 is an exception to the finality rule). Rule 54.02 is "an exception to Rule 3 that permits the trial court, without permission from the appellate court, to certify an order as final and appealable, even if parts of the overall litigation remain pending in the trial court." ***Johnson v. Nunis***, 383 S.W.3d 122, 130 (Tenn. Ct. App. 2012). The rule therefore permits a trial court, in specified circumstances "to convert an interlocutory ruling into an appealable order." ***Mann v. Alpha Tau Omega Fraternity***, 380 S.W.3d 42, 49 (Tenn. 2012). The authority under Rule 54.02, however, is limited and "the trial court's authority to direct the entry of a final judgment is not absolute." ***Brentwood Chase Cmty. Ass'n v. Truong***, No. M2014-01294-COA-R3-CV, 2014 WL 5502393, at *2 (Tenn. Ct. App. Oct. 30, 2014) (citing ***Crane v. Sullivan***, No. 01A01-9207-CH-00287, 1993 WL 15154, at *1–2 (Tenn. Ct. App. Jan. 27, 1993)). "Orders certifying interlocutory judgments as final 'should not be entered routinely' and 'cannot be routinely entered as a courtesy to counsel.'" ***Harris v. Chern***, 33 S.W.3d 741, 746 n.3 (Tenn. 2000) (quoting ***Huntington Nat'l Bank v. Hooker***, 840 S.W.2d 916, 921 (Tenn. Ct. App. 1991)). Thus, "Tennessee Rule of Civil Procedure 54.02 does not provide a 'fast track' alternative to Tennessee Rule of Appellate Procedure 9." ***Tucker v. Capitol Recs., Inc.***, No. M2000-01765-COA-R3-CV, 2001 WL 1013085, at *7 (Tenn. Ct. App. Sept. 6, 2001) (citations omitted).

In order for Rule 54.02 to apply, "the order certified as final must be dispositive of either an entire claim or a party." ***Nashville Church of Christ, Inc. v. Gill***, No. M2022-00823-COA-R3-CV, 2024 WL 3466825, at *4 (Tenn. Ct. App. July 19, 2024) (citing ***Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 558 (Tenn. 1990)). Additionally, the rule requires "an express determination that there is no just reason for delay." Tenn. R. Civ. P. 54.02. Accordingly, "[t]wo prerequisites exist for the certification of a final judgment: (1) the order must eliminate one or more but fewer than all of the claims or parties, and (2) the order must expressly direct the entry of final judgment upon an express finding of 'no just reason for delay.'" ***Coleman v. Tenn. Bd. of Parole***, No. M2016-00410-COA-R3-CV, 2016 WL 6248027, at *4 (Tenn. Ct. App. Oct. 25, 2016) (citing ***FSGBank, N.A. v. Anand***, No. E2011-00168-COA-R3-CV, 2012 WL 554449, at *4 (Tenn. Ct. App. Feb. 21, 2012)). When a ruling is properly certified as final under Rule 54.02, it is subject to a Rule 3 appeal the same as any other final judgment. *See* ***Fox v. Fox***, 657 S.W.2d 747, 749 (Tenn. 1983) ("Rule 54.02 . . . certification by the trial judge creates a final judgment appealable as of right under Rule 3 T.R.A.P."); ***Thompson v. Logan***, No. M2005-02379-COA-R3-CV, 2007 WL 2405130, at *15 (Tenn. Ct. App. Aug. 23, 2007) (noting that when Rule 54.02 certification is accomplished, the judgment made final must then be appealed in thirty days).

As a result, we employ a dual standard of review to the question of whether a ruling was properly certified as final under Rule 54.02. ***Coleman***, 2016 WL 6248027, at *4 (citations omitted). "[W]hether a particular order disposes of a distinct and separable 'claim' that is subject to Rule 54.02 certification is a question of law reviewed *de novo*." ***Id.*** "If the trial court certifies a judgment as final, but it is not conclusive as to an entire

- 4 -

claim or party, an appeal from it will be dismissed even though the trial court decided to treat the order as final." *Id.* In other words, "[i]n the absence of an adjudication as to one entire claim or party, 'Rule 54.02 is simply inapplicable.'" ***Nashville Church of Christ***, 2024 WL 3466825, at *4 (quoting ***Coleman***, 2016 WL 6248027, at *4). If the first requirement is met, however, this Court goes on to consider whether there is no just reason for delay as required by Rule 54.02. ***Coleman***, 2016 WL 6248027, at *4. This second question is reviewed under the abuse of discretion standard. *Id.*

The first question that we must answer in this appeal, therefore, is whether the trial court's order disposes of "at least one entire claim or resolve[s] all of the claims against at least one party." ***E Sols. for Bldgs., LLC v. Knestrick Contractor, Inc.***, No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at *3 (Tenn. Ct. App. Apr. 17, 2018). Obviously, there is no question in this appeal that the order denying the motion to quash the notice of lien lis pendens did not dispose of any entire party; this case began with two parties, and two parties remain. The only question, then, is whether the trial court's order disposed of an entire claim. We conclude that it did not.

As this Court recently explained, "[f]or purposes of Rule 54.02, a single 'claim' is defined as 'the aggregate of operative facts which give rise to a right enforceable in the courts,' even though different theories of liability may have been asserted." ***Nashville Church of Christ***, 2024 WL 3466825, at *5 (quoting ***Adkins v. Adkins***, No. M2018-00890-COA-R3-CV, 2020 WL 9602029, at *4 (Tenn. Ct. App. Dec. 22, 2020)); *see also* ***Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.***, No. M2007-01104-COA-R3-CV, 2008 WL 3833613, at *5 (Tenn. Ct. App. Aug. 15, 2008) ("[A] complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief." (quoting ***Liberty Mut. Ins. Co. v. Wetzel***, 424 U.S. 737, 743 (1976))). "[S]eparate causes of action or counts in a complaint that arise out of the same series of closely related factual occurrences constitute one claim for the purposes of Rule 54.02." ***Carr v. Valinezhad***, No. M2009-00634-COA-R3-CV, 2010 WL 1633467, at *3 (Tenn. Ct. App. Apr. 22, 2010); *see also* ***Infinity Homes, Inc. v. Horizon Land Title, Inc.***, No. M2022-00829-COA-R3-CV, 2023 WL 3884723, at *5 (Tenn. Ct. App. June 8, 2023) (finding one single claim where "[a]lthough Appellants pursue relief under different theories, all of their claims arise out of the same transaction"). Thus, "trial courts may not certify as final a decision that adjudicates only some of the legal theories upon which a plaintiff bases his or her case." ***Paul v. Watson***, No. W2011-00687-COA-R3-CV, 2012 WL 344705, at *4 (Tenn. Ct. App. Feb. 2, 2012); *see also* ***Coleman***, 2016 WL 6248027, at *5 (noting that Rule 54.02 "cannot be used to appeal a part of a single claim or . . . to test a single legal theory of recovery" (quoting ***Christus Gardens***, 2008 WL 3833613, at *5)).

The only request that the trial court disposed of in this case was a motion to quash a notice of lien lis pendens. But we cannot conclude that this constitutes a separate claim for purposes of Rule 54.02. Here, only a single set of operative facts exists: that the parties

entered into an agreement for the sale of real property, which each party asserts the other breached in relation to Plaintiff's duty to secure necessary government approvals. Based on this single set of operative facts, each of the complaints at issue raised only a single claim: breach of contract. The trial court has not adjudicated the breach of contract action raised by either party. No amended complaints were ever filed. Plaintiff's notice of lien lis pendens therefore does not arise from a distinct set of operative facts such that Rule 54.02 certification would be proper.

Instead, a notice of lien lis pendens is merely a tool used by the parties and the trial court "to notify potential purchasers or encumbrancers of the pending litigation[.]" ***Oliver v. Upton***, No. 01A01-9705-CH-00197, 1998 WL 151388, at *5 (Tenn. Ct. App. Apr. 3, 1998). Thus, pending litigation gives rise to the notice of lien lis pendens; the notice of lien lis pendens is inextricably linked to the pending claims.[2] *See id.* ("The filing of a notice of lis pendens is merely a procedural step by which a plaintiff provides constructive notice to third parties of his claim against the subject property."); *see also* ***Crane v. Sullivan***, No. 01A01-9207-CH-00287, 1993 WL 15154, at *2 (Tenn. Ct. App. Jan. 27, 1993) (holding that the trial court's ruling granting one party injunctive relief but reserving ruling on all other claims was improvidently certified as final because the issue resolved is "inextricably linked with the remaining issues not yet decided"); *cf.* ***Coleman***, 2016 WL 6248027, at *8 (holding, in the context of the second inquiry under Rule 54.02, that the court may conclude that Rule 54.02 certification was "improvidently granted where the issue which the trial court declared final and appealable is inextricably linked with the remaining issues not yet decided" (quotation marks and citation omitted)).

To the extent that Defendant asserts that our decision in ***Estate of Leath v. Leath***, provides otherwise, we respectfully disagree. In ***Estate of Leath***, the trial court ruled on some matters but failed to rule "upon the issue of the party or parties responsible for the payment of the taxes and ha[d] not rendered a decision on the motion to remove the Lien Les Pendens." No. W2003-01816-COA-R3-CV, 2004 WL 57087, at *3 (Tenn. Ct. App. Jan. 9, 2004). As a result, we concluded that the trial court's judgment was non-final and dismissed the appeal. ***Id.***

Defendant asserts that ***Estate of Leath*** "is the mirror image of the facts in this case" and that if failing to rule on the motion to remove the lien lis pendens made that judgment non-final, then "it follows that a lien lis pendens is a separate claim appropriate for Rule 54.02 certification." Defendant's logic is unfortunately faulty. As an initial matter, we note that the pending lien lis pendens was not the only issue the trial court in ***Estate of Leath*** failed to adjudicate; instead, the trial court also failed to rule on the issue of which party

---

[2] According to Defendant's own brief, a lien lis pendens is "is available *only* to a party which has asserted a claim or interest in real property described in the lien lis pendens." Thus, by Defendant's admission, the lien lis pendens is conjoined with a claim asserting an interest of some kind in real property. Certainly, Defendant asserts the trial court erred in finding that that Plaintiff asserted such an interest, but we do not reach that question.

was responsible for the payment of taxes. ***Id.***

Moreover, as previously discussed, a final judgment "leav[es] nothing else for the trial court to do." ***In re Est. of Henderson***, 121 S.W.3d at 645. Thus, while a trial court may not certify as final a judgment which resolves only one of multiple theories asserted in a complaint, ***Christus Gardens***, 2008 WL 3833613, at *5, "a judgment which does not adjudicate all the legal theories upon which a plaintiff bases his or her case is [still] not a final judgment." ***Paul***, 2012 WL 344705, at *4. By way of example, this Court has held that a judgment that does not dispose of a request for attorney's fees is not final because the judgment does not leave the court with nothing remaining to adjudicate. *See, e.g.*, ***City of Jackson v. Hersh***, No. W2008-02360-COA-R3-CV, 2009 WL 2601380, at *4 (Tenn. Ct. App. Aug. 25, 2009) ("This Court has concluded on several occasions that an order that fails to address an outstanding request for attorney's fees is not final."). But we have also held that a trial court cannot certify a judgment as final when the issue of attorney's fees remains, as a request for attorney's fees is simply an element of damages. *See* ***E Sols. for Bldgs.***, 2018 WL 1831116, at *4. So then, the fact that some outstanding issue renders a judgment non-final does not, ipso facto, lead to the conclusion that the issue is a distinct claim for purposes of Rule 54.02. Consequently, when the ***Estate of Leath*** trial court failed to rule on all of the theories of relief contained in the case, the judgment was non-final regardless of whether those outstanding issues constituted distinct claims for purposes of Rule 54.02.

Finally, we cannot agree that the trial court's November 2023 order even resolves the issue of the notice of lien lis pendens. Here, the order appealed simply denied a motion to quash the notice. This is somewhat akin to the denial of a motion to dismiss. But the denial of a motion to dismiss is not the final adjudication of any claim. ***Richardson v. Tenn. Bd. of Dentistry***, 913 S.W.2d 446, 460 (Tenn. 1995) (holding that while the denial of a motion to dismiss is not a final, immediately appealable judgment, it may be raised in an appeal following a final judgment). And the Tennessee Supreme Court has indicated that certification under Rule 54.02 is improper "when the certification was not of an order that could properly be viewed as a final judgment." ***Bayberry Assocs.***, 783 S.W.2d at 557 n.2. Here, the trial court's November 2023 order merely ruled that Plaintiff's notice of lien lis pendens would remain in effect pending further resolution of the underlying merits of the case. Thus, even if we were to assume, arguendo, that the notice of lien lis pendens constituted a separate claim for purposes of Rule 54.02, the trial court's November 2023 order did not resolve the lien lis pendens issue—the lien lis pendens remains pending until further order of the trial court or resolution of the pending litigation. *Cf.* ***Oliver***, 1998 WL 151388, at *5 ("[U]pon the lawsuit's conclusion by the trial court's entry of the final judgment, the lis pendens also terminated."). As such, it is simply not the type of ruling that can be certified as final under Rule 54.02. *See* ***Munke v. Munke***, 882 S.W.2d 803, 805 (Tenn. Ct. App. 1994) (holding that an order denying a motion to quash a subpoena "is purely interlocutory and cannot be made final pursuant to [Rule] 54.02"); ***Mosier v. Mosier***, No. 4, 1989 WL 22832, at *2 (Tenn. Ct. App. Mar. 17, 1989) (holding that an

order that only determined a town's right to immediate possession of certain easements without resolving other claims was not properly certified as final under Rule 54.02); *Alcoa Dev. & Hous. Auth. v. Monday*, No. 196, 1991 WL 12291, at *1 (Tenn. Ct. App. Feb. 7, 1991) (holding that an order addressing a request for possession in an eminent domain case "dispose[d] of only a part of the issues joined between the parties" and was not properly certified as final under Rule 54.02).

In sum, Plaintiff's request for a notice of lien lis pendens arises from the same set of operative facts as its breach of contract claim. Moreover, even to the extent that the notice of lien lis pendens could constitute a separate claim, the trial court's November 2023 order did nothing more than deny Defendant's motion to quash the notice and therefore was not conclusive as to an entire claim. As a result, the November 2023 order was not subject to Rule 54.02 certification, and, absent some other basis for subject matter jurisdiction, this appeal must be dismissed.[3] *Coleman*, 2016 WL 6248027, at *8.

Defendant asserts that a separate basis for subject matter exists in this case: Rule 9 of the Tennessee Rules of Appellate Procedure. Rule 9 provides a detailed procedure for litigants to seek review in this Court of interlocutory orders. There is no dispute that Defendant did not follow the procedures outlined in Rule 9 in this appeal. Nevertheless, Defendant is correct that this Court may choose to waive the Rule 9 requirements and hear an appeal from an improvidently granted Rule 54.02 certification as an interlocutory appeal under Rule 9. *See, e.g.*, *Town of Collierville v. Norfolk S. Ry. Co.*, 1 S.W.3d 68, 71 (Tenn. Ct. App. 1998); *B.L. Hodge Co. v. Roxco, Ltd.*, No. 03A01-9704-CH-00144, 1997 WL 644960, at *1 n.3 (Tenn. Ct. App. Oct. 16, 1997); *Munke*, 882 S.W.2d at 805; *Alcoa*, 1991 WL 12291, at *1.

The decision to grant an interlocutory appeal is discretionary with this Court. Tenn. R. App. P. 9(a) (requiring the permission of both the trial court and appellate court). But "[p]iecemeal appellate review is not favored." *Harris*, 33 S.W.3d at 746 n.3. In deciding to grant an interlocutory appeal, we therefore consider the following non-exclusive reasons for granting such an appeal:

> 1) the need to prevent irreparable injury, giving consideration to the severity of the potential injury, the probability of its occurrence, and the probability that review upon entry of final judgment will be ineffective; (2) the need to

---

[3] We note that Defendant raises one additional argument that Rule 54.02 certification was proper: that Plaintiff could not assert an interest in the property while also maintaining a claim for damages under the parties' contract, as they were exclusive remedies. Defendant does not explain how the assertion of one remedy or another demonstrates that one remedy is a distinct claim for purposes of Rule 54.02. Again, this argument only reinforces our conclusion; if Plaintiff must elect one of two available remedies, it would appear that the plaintiff is asserting a single right. And as previously discussed, under Rule 54.02, we will find only a single claim for relief when a complaint asserts "one legal right, even if seeking multiple remedies[.]" *Christus Gardens*, 2008 WL 3833613, at *5 (citation omitted).

prevent needless, expensive, and protracted litigation, giving consideration to whether the challenged order would be a basis for reversal upon entry of a final judgment, the probability of reversal, and whether an interlocutory appeal will result in a net reduction in the duration and expense of the litigation if the challenged order is reversed; and (3) the need to develop a uniform body of law, giving consideration to the existence of inconsistent orders of other courts and whether the question presented by the challenged order will not otherwise be reviewable upon entry of final judgment.

Tenn. R. App. P. 9(a). Defendant does not address any of these factors in its brief. Instead, Defendant offers only the following argument: "If the validity of the [lien lis pendens] is not determined by this Court, Defendant may be forced to institute other proceedings below regarding the [lien lis pendens]. Therefore, this Court's consideration of the validity of the [lien lis pendens] serves the interest of judicial economy." Respectfully, this argument fails to provide specificity as to how Defendant could be irreparably injured if an interlocutory appeal is not granted,[4] how review at this juncture will prevent needless, expensive litigation, or how this appeal will help to achieve a uniform body of law.

It is true that judicial economy has been cited in previous cases as a basis to convert a Rule 3 appeal from an improvidently granted Rule 54.02 ruling into a Rule 9 interlocutory appeal. *See, e.g.*, **Town of Collierville**, 1 S.W.3d at 71; **B.L. Hodge**, 1997 WL 644960, at *1 n.3; **Munke**, 882 S.W.2d at 805; **Alcoa**, 1991 WL 12291, at *1. However, this court has more recently cautioned "judicial economy alone does not justify abandoning the requirement of finality." **Williams v. Tenn. Farmers Life Reassurance Co.**, No. M2010-01689-COA-R3-CV, 2011 WL 1842893, at *6 (Tenn. Ct. App. May 12, 2011) (citing **Brown v. John Roebuck & Assocs., Inc.**, No. M2008-02619-COA-R3-CV, 2009 WL 4878621, at *5 (Tenn. Ct. App. Dec. 16, 2009)). Moreover, this Court explained in 2011 that the prior practice of treating an improvidently certified ruling as a Rule 9 appeal could be coming to an end:

A word of caution to the bench and bar is in order. It would be a mistake to assume that we will continue to employ Rule 9 to assume jurisdiction of (1) an appeal claimed by the appellant to be pursuant to Tenn. R. Civ. P. 54.02 but one that fails to be properly certified as final in full compliance with the language of the rule, or (2) an appeal, as in the present

---

[4] Defendant's contention that it "may be forced to institute" other proceedings is particularly vague. Moreover, Defendant points to nothing in the record indicating that the lien lis pendens is affecting any imminent opportunities for the sale of the property. *Cf.* **State v. Nabb**, 713 S.W.2d 685, 687 (Tenn. Crim. App. 1986) (noting that in order to "exercise an informed discretion" on a Rule 9 application, "it is necessary that sufficient facts be given to enable us to" evaluate the application). Given the interlocutory nature of the trial court's ruling, if a situation involving harm to Defendant's interests were to arise, Defendant could petition the trial court to dissolve the lien lis pendens on that basis. We express no opinion as to how the trial court should rule in such a hypothetical scenario.

case, that is not authorized by Rule 54.02. In either event, Rule 54.02 is part of a system of rules that concern appellate jurisdiction, all of which are readily available to be read, and all of which must be followed.

*Cooper v. Powers*, No. E2011-01065-COA-R9-CV, 2011 WL 5925062, at *7 (Tenn. Ct. App. Nov. 29, 2011).[5] So then, it is not this Court's current policy to convert appeals from improperly certified Rule 54.02 orders into Rule 9 appeals without ample scrutiny.

Moreover, none of the cited cases indicate that the parties were specifically asked to address the basis for the Court's subject matter jurisdiction in their briefs or otherwise. *See also* ***Howell v. Cates***, No. 03A01-9601-CV-00036, 1996 WL 272407, at *1 n.1 (Tenn. Ct. App. May 23, 1996) (considering an appeal from a non-final judgment under Rule 9 without indicating that the parties were asked to brief this Court's subject matter jurisdiction); ***Oakwood Furniture Mfg., Inc. v. Ruh & Pressley Const. Co.***, No. 03A01-9307-CH-00233, 1993 WL 477020, at *2 (Tenn. Ct. App. Nov. 15, 1993) (same); ***Overholt v. Merchs. & Planters Bank***, 637 S.W.2d 463, 465 (Tenn. Ct. App. 1982) (same). In this case, this Court made Defendant aware that it was seriously questioning the court's subject matter jurisdiction over this appeal.[6] While Defendant made a valiant effort to assert that Rule 54.02 certification was proper, that argument was ultimately not successful. Defendant chose, however, to only draft a skeletal argument in support of its alternative basis for subject matter jurisdiction. *See* ***Sneed v. Bd. of Pro. Resp. of Sup. Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010) ("[W]here a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived."). Based on the paucity of that argument and our own determination that none of the Rule 9 bases have been demonstrated in this case, we exercise our discretion to decline to convert Defendant's improper Rule 3 appeal into an interlocutory appeal under Rule 9. This appeal must therefore be dismissed.[7]

## IV. CONCLUSION

For the aforementioned reasons, this appeal is hereby dismissed. Costs of this appeal are taxed to Appellant, 840 Development Group, LLC, for which execution may issue if

---

[5] Despite this warning, the majority in ***Cooper*** nevertheless considered the merits of the appeal. The dissent disagreed, and would have refused to "engage[] in the fiction" of considering an improper Rule 3 appeal under Rule 9. *See id.* at *10 (Franks, J., dissenting) ("The majority engaged in the fiction that we had granted the appeal pursuant to [Rule] 9. On occasion we have done this in the past. I do not believe we should engage in that fiction to entertain this appeal under the circumstances of this case.").

[6] Specifically, on February 22, 2022, this Court issued a show cause order explicitly questioning whether Rule 54.02 certification was properly granted, and asking the parties to address why this appeal should not be dismissed for lack of subject matter jurisdiction. Then, on March 8, 2024, we ruled that the issue of subject matter jurisdiction would be decided by the panel assigned the appeal and that the parties should address those issues in their briefs.

[7] As a result, we do not address the merits of Defendant's argument that the trial court should have granted to the motion to quash the notice of lien lis pendens.

necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE