IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 3, 2025

**KENNETH KELLY ET AL. v. THOMAS A. STEWART**

**Appeal from the Chancery Court for Montgomery County**
**No. MC-CH-CV-CD-20-20          Ben Dean, Chancellor**

_____

**No. M2024-00746-COA-R3-CV**

_____

Defendant appeals the trial court's denial of his motion to quash Plaintiffs' post-judgment subpoena for financial records he alleges are statutorily exempt from the subpoena process. We determine that the trial court's order does not constitute a final appealable judgment and that no good cause exists to waive the finality requirement. As a result, this Court lacks subject matter jurisdiction to consider this appeal, and we grant Plaintiffs' motion to dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Taylor R. Dahl and Taylor V. Hutson, Clarksville, Tennessee, for the appellant, Thomas A. Stewart.

Robert A. Peal, D. Gil Schuette, and Evan S. Rothey, Nashville, Tennessee, for the appellees, Gary Kelly, Kenneth Kelly, Matthew Kelly, and Advanced Hearing Aid Group, LLC.

**OPINION**

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Montgomery County Chancery Court ("the trial court") entered a judgment on behalf of Plaintiffs/Appellees Kenneth Kelly, Matthew Kelly, Gary Kelly, and Advanced Hearing Aid Group, LLC ("Appellees") against Defendant/Appellant Thomas A. Stewart ("Appellant") in January 2024. Appellant's appeal of the trial court's underlying ruling is

pending before this Court under a separate docket number. *See* No. M2024-00296-COA-R3-CV. Execution of the judgment was not stayed pending the resolution of that appeal.

On April 9, 2024, Appellees issued a subpoena to the Custodian of Records of Robert W. Baird & Co, Inc. ("Baird"), a financial institution where Appellant maintains accounts. The subpoena required the Custodian to provide copies of "[a]ny and all documents related to any and all accounts" held at Baird by Appellant, to "include, but not be limited to, the Thomas A. Stewart Exempt Trust, and the Thomas A. Stewart Revocable Living Trust."

Appellant filed a notice of objection to and motion to quash the post-judgment subpoena on April 15, 2024. In addition to various typographical errors and breadth concerns, Appellant asserted:

> 3. That the post-judgment subpoena is improper as it seeks information regarding the Thomas A. Stewart Exempt Trust.
> 4. That Tennessee Code Annotated Sections 35-15-504 and 26-2-105 provide[] for the asset protection of IRAs and of the interest of a beneficiary in a discretionary trust such as the Thomas A. Stewart Exempt Trust.

Appellees responded in opposition to Appellant's motion on April 23, 2024, arguing that Appellant failed to identify any specific basis for the exemption of particular assets. Appellees further argued that they were "entitled to inquire as to whether or not the transfers to any trust (exempt or not) were fraudulent transfers."

The matter was heard on April 26, 2024. At the hearing, the trial court did not determine that Appellant's accounts were or were not exempt under the relevant statutes. Instead, the trial court explained that:

> [Appellees a]re entitled to dig into [Appellant's] full finances, including things that he has and what would otherwise appear on the face to be protected accounts. It's not that they're seizing. They're just seeking to determine the appropriateness of what's happened with that, where the money came from and what income. And further, that may reveal some ability for them to be able to collect some of their money from things which are not protected, which is . . . their right to do.

That same day, an "Agreed Order on [Appellant's] Motion to Quash" was filed, denying the motion. The order indicated that Appellees would re-file the subpoena after correcting the typographical errors and Appellant would not be permitted to raise similar objections to the re-filed subpoena. Appellees' counsel signed the order on behalf of Appellant's

counsel, "by perm[ission]."[1]

Appellant filed notice of this appeal on May 22, 2024.[2] Appellees filed a motion to dismiss on May 29, 2024, arguing that the order denying the motion to quash did not constitute a final judgment such that this Court lacks subject matter jurisdiction. Appellant opposed the motion. By order of June 11, 2024, we reserved judgment on the motion to dismiss pending full briefing by the parties.

## II. ISSUES PRESENTED

Appellant raises the following issues on appeal, taken directly from his brief:

1. Whether the Court has subject matter jurisdiction, when the Court has previously exercised subject matter jurisdiction in similar appeals?
2. Whether qualified accounts pursuant to Tenn. Code Ann. § 26-2-105(b) are exempt from post-judgment discovery, when that statute exempts such accounts from the subpoena process?

Appellees restate these issues and request their appellate attorney's fees.

## III. ANALYSIS

### A.

"Subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it." *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 713 (Tenn. 2012) (citing *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Cas. Co. v. Sloan*, 180 Tenn. 220, 173 S.W.2d 436, 440 (1943)). "Without subject matter jurisdiction, a court cannot enter a valid, enforceable order." *In re S.L.M.*, 207 S.W.3d 288, 295 (Tenn. Ct. App. 2006) (citations omitted). As such, we must first determine whether we have subject matter jurisdiction over this appeal before we can consider its merits. The existence of subject matter jurisdiction is a question of law that we review de novo, without a presumption of correctness. *Chapman*, 380 S.W.3d at 713 (citing *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)).

The starting place for testing our jurisdiction is Rule 3 of the Tennessee Rules of Appellate Procedure, which provides that:

---

[1] Although Appellant takes issue with the description of the order as "agreed," as the trial court directed Appellees' counsel to prepare the order at the end of the motion hearing, Appellant does not dispute that his attorney gave permission for his name to be signed to the order.

[2] The parties agree that Baird provided the requested financial documents after the commencement of the appeal.

In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a). Under Rule 3, an appeal as of right generally may only be taken from a final judgment.[3] *See **In re Est. of Henderson***, 121 S.W.3d 643, 645 (Tenn. 2003). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." ***Id.*** (quoting ***State ex rel. McAllister v. Goode***, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. ***Id.***; Tenn. R. App. P. 3(a).

Here, Appellees argue that Appellant has appealed a non-final order, "because the post-judgment proceedings—collection of the judgment—remain ongoing." We agree. The order denying Appellant's motion to quash did not resolve any claim or right of any party, let alone all claims between all parties. *See **King v. Kelly***, No. M2015-02376-COA-R3-CV, 2016 WL 3632761, at *3 (Tenn. Ct. App. June 28, 2016) (noting that a "claim" is defined for purposes of finality analysis as the "aggregate of operative facts which give rise to a right enforceable in the courts." (quoting ***Brown v. John Roebuck & Assocs., Inc.***, No. M2008-02619-COA-R3-CV, 2009 WL 4878621, at *5 (Tenn. Ct. App. Dec. 16, 2009))). Rather, the order simply allowed the post-judgment discovery process to continue, permitting Appellees to request documentation regarding Appellant's financial accounts. *See* Tenn. R. Civ. P. 69.03 (allowing for discovery in aid of execution pursuant to other Rules); Tenn. R. Civ. P. 34.03 (allowing non-parties to be compelled to produce documents); *see also **State v. Harrison***, 270 S.W.3d 21, 30 (Tenn. 2008) ("The judicial subpoena involved here was obtained for the purpose of discovery in the context of an ongoing criminal prosecution of an already indicted defendant. It was part of the criminal prosecution, and the order denying the motion to quash, like other orders involving the discovery or admissibility of evidence, did not conclude the prosecution. Therefore, the order denying Mr. Harrison's motion to quash was not final[.]"); ***U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.***, 444 F.3d 462, 471 (6th Cir. 2006) ("Discovery orders generally are not final decisions and cannot be reviewed unless the trial court enters a final judgment disposing of all claims." (citation omitted)). Nothing in the record indicates that Appellees have obtained any satisfaction of the judgment issued by the trial court against Appellant, from accounts held by Baird or otherwise. So then, more clearly

---

[3] Rule 3 also contemplates the appeal by right of an order certified as final or the appeal of a non-final order by permission, exceptions not applicable here, as discussed briefly, *infra*.

remains for the trial court to do in this case.[4] The order denying the motion to quash is therefore not a final judgment appealable as of right under Rule 3.

Appellant raises no argument that the order was certified as final pursuant to Tennessee Rule of Civil Procedure 54.02 or that the requirements to effect a permissive appeal under Tennessee Rules of Appellate Procedure 9 or 10 have been met, such that the methods set out in Rule 3 for appealing orders adjudicating fewer than all the claims of all the parties can be used to grant substantive review.[5] *See* **Sneed v. Bd. of Pro. Resp. of Sup. Ct.**, 301 S.W.3d 603, 615 (Tenn. 2010) (failure to raise more than a skeletal argument results in waiver). Moreover, we have previously stated that an order denying a motion to quash a subpoena duces tecum "is purely interlocutory and cannot be made final pursuant to [Tennessee Rule of Civil Procedure] 54.02." **Munke v. Munke**, 882 S.W.2d 803, 805 (Tenn. Ct. App. 1994) (considering a motion to quash a subpoena seeking records held by a non-party to the divorce action). And there is no indication that Appellant received "permission by the trial court for the issue to be heard by the appellate court despite matters still pending in the trial court[.]" **Cooper v. Powers**, No. E2011-01065-COA-R9-CV, 2011 WL 5925062, at *7 (Tenn. Ct. App. Nov. 29, 2011) (considering this one of the "core requirements" set out in Rule 9) (reviewing appeal where the non-final order was improperly certified under Rule 54.02 but all Rule 9 requirements were met); *see also* **Munke**, 882 S.W.2d at 805 (proceeding under Rule 9 where improvidently granted Rule 54.02 certification evinced the trial court's permission for interlocutory review); **State v. Johnson**, 538 S.W.3d 32 (Tenn. Crim. App. 2017) (parties received permission to seek interlocutory appeal of motion granting in part and denying in part motion to quash subpoenas). So the order denying the motion to quash is also not appealable under the exceptions to Rule 3's finality requirement.

Instead, Appellant argues that this Court "has resolved virtually the same question

---

[4] Indeed, Appellant states in his reply brief that garnishment proceedings have occurred during the pendency of this appeal. Although we generally do not consider evidence that was not made part of the appellate record, *see* **Kinard v. Kinard**, 986 S.W.2d 220, 227 (Tenn. Ct. App. 1998), we make note of this statement to highlight that Appellant acknowledges that the trial court is still faced with issues pertaining to the enforcement of its judgment.

[5] As relevant, Rule 54 provides:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Tenn. R. Civ. P. 54.02(1). Rule 9 provides that "an appeal by permission may be taken from an interlocutory order of a trial court . . . only upon application and in the discretion of the trial and appellate court." Tenn. R. App. P. 9(a). Rule 10 provides that "[a]n extraordinary appeal may be sought on application and in the discretion of the appellate court alone of interlocutory orders of a lower court" if certain conditions are met.

in the same procedural posture at least twice before." Appellant explains that in both *Massey v. Casals (Massey I)*, No. W2010-00284-COA-R3-JV, 2011 WL 1734066 (Tenn. Ct. App. May 3, 2011) and *Boren v. Hill Boren PC*, No. W2021-01024-COA-R3-CV, 2023 WL 5120847 (Tenn. Ct. App. Aug. 10, 2023), *app. denied* (Tenn. Mar. 7, 2024), "the judgment creditor attempted to discover information about and garnish the judgment debtor's accounts that were exempted from such discovery and garnishment by [Tennessee Code Annotated section] 26-2-105(b)."

In *Massey I*, a garnishment was issued on the appellant's IRAs in order to satisfy an earlier award of attorney's fees to the appellee. *Massey v. Casals (Massey II)*, No. W2011-02350-COA-R3-JV, 2012 WL 6697594, at *1 (Tenn. Ct. App. Dec. 26, 2012). As part of his motion to quash the garnishment, the appellant averred that the stock holdings in his accounts had been liquidated and forwarded to the juvenile court, and his accounts frozen. *Id.* Upon the juvenile court referee's finding that the accounts were not exempt, the court dismissed the appellant's motion and released the garnished funds to the appellee's attorney. *Id.* The appellant requested a hearing before the juvenile court judge, after which the dismissal of the motion was reaffirmed. *Id.* On appeal, without any discussion of jurisdiction, the appellate court found that the accounts were exempt from garnishment. *Massey I*, 2011 WL 1734066, at *11.

In *Boren*, after the trial court confirmed the jury verdict in favor of the appellees, "protracted post-judgment discovery and litigation ensued concerning [the appellant's] assets and execution on the judgment." 2023 WL 5120847, at *1. The appellees filed a garnishment on the appellant's IRA; the appellant moved to quash the garnishment and prohibit the subpoenaing of the account records. *Id.* Finding that the accounts were not exempt, the trial court denied the appellant's motion. *Id.* After motions by both parties to revise, the trial court reaffirmed its decision that the accounts were not exempt in an August 2021 order.[6] *Id.* at *2. Relying in large part on the analysis in *Massey I*, the appellate court determined that the accounts were not subject to execution by creditors. *Id.* at *16.

Appellant is certainly correct that both appellate courts considered the statutory exemption of certain assets. *See Massey I*, 2011 WL 1734066, at *2–11; *Boren*, 2023 WL 5120847, at *5–16. Yet, Appellant's reliance on these cases fails to consider a key difference between the cited cases and the instant matter: those appeals followed substantive rulings on post-judgment motions that left nothing else for the trial court to do. In both cases, the trial court ruled that the subject accounts were not exempt from garnishment, such that the appellee was entitled to receive funds in those accounts as satisfaction of the underlying judgment. *See Meadows v. Meadows*, No. 88-135-II, 1988

---

[6] The appeal did not stem from this order, however. Rather, the appeal followed an October 2021 order in response to the intervention of the appellant's wife regarding whether certain other property was subject to attachment and execution by the appellees. *Id.* So even beyond the distinct posture of a garnishment action, *Boren* does not involve a direct appeal from the denial of a motion to quash, further reducing its similarity to the present matter.

- 6 -

WL 116382, at *3 (Tenn. Ct. App. Nov. 2, 1988) ("Garnishment is in the nature of an attachment of a debt due the judgment debtor from the garnishee; and, service of the garnishment upon the garnishee is a warning to the garnishee not to pay the debt but to answer the garnishment and hold the fund subject to the orders of the Court." (citing *Stonecipher v. Knoxville Sav. & Loan Ass'n*, 298 S.W.2d 785, 787 (Tenn. Ct. App. 1956))). This is most obvious in *Massey I*, as the denial of the appellant's motion to quash the garnishment resulted in the juvenile court clerk releasing the garnished funds to the appellee's counsel. *Massey II*, 2012 WL 6697594, at *1.

Clearly, then, the denial of a motion to quash a garnishment and the denial of a motion to quash post-judgment discovery differ markedly in terms of their resolution of the parties' rights. As noted above, the order at issue here did not allow Appellees to receive any money held by Baird in satisfaction of its award against Appellant, but only allowed the post-judgment discovery process to continue. *Cf.* **Holt-Orsted v. City of Dickson**, 641 F.3d 230 (6th Cir. 2011) (holding that orders allowing for the discovery of allegedly privileged information are not immediately appealable where the privilege holders are parties to the underlying litigation, as the parties can sufficiently protect their rights in a post-judgment appeal); **Thomas v. Oldfield**, No. M2006-02767-COA-R9-CV, 2007 WL 3306759 (Tenn. Ct. App. Nov. 7, 2007) (considering pre-trial order compelling discovery in interlocutory appeal after both trial and appellate courts granted permission), *aff'd,* 279 S.W.3d 259 (Tenn. 2009). This case is simply not at the point where the trial court's ruling on Appellant's motion had any conclusive effect on the rights of the parties. So again, more remains "for the trial court to do[,]" **In re Est. of Henderson**, 121 S.W.3d at 645, in a way not present in the cases cited by Appellant. *See* **Staats v. McKinnon**, 206 S.W.3d 532, 550 (Tenn. Ct. App. 2006) ("It is axiomatic that judicial decisions do not stand for propositions that were neither raised by the parties nor actually addressed by the court." (citing **Shousha v. Matthews Drivurself Serv., Inc.**, 210 Tenn. 384, 390, 358 S.W.2d 471, 473 (Tenn. 1962))). Thus, we do not find these cases to contradict our determination that Appellant has appealed from an order that does not meet Rule 3's finality requirement for an appeal as of right.[7]

---

[7] We are also unmoved by Appellant's reference to then-Judge Kirby's concurrence in **Legens v. Lecornu**, for the proposition that "this Court must have subject matter jurisdiction to rule on post-trial motions because, if it did not, 'there would be no way for any appellate court to determine whether the trial court ruled correctly on the post-judgment motion.'" (Quoting No. W2013-01800-COA-R3-CV, 2014 WL 2922358, at *17 (Tenn. App. June 26, 2014) (Kirby, J., concurring)). The question in that case involved a second post-judgment motion to alter or amend. **Legens**, 2014 WL 2922358, at *7. The appellate court acknowledged that the potential untimeliness of the motion would (1) deprive the trial court of jurisdiction to consider the motion's merits and (2) render the appeal itself untimely and so deprive the appellate court of jurisdiction to consider its merits. *Id.* at *8. In explaining that the motion's untimeliness would not deprive the trial court of jurisdiction to deny the motion as untimely or the appellate court of jurisdiction to review the disposition of the motion, the concurrence emphasized the difference "between subject matter jurisdiction to hear (or review on appeal) issues such as the substantive issues in the trial court's final judgment, and subject matter jurisdiction to hear (or review a trial court's disposition of) a post-judgment motion." *Id.* at *17 (Kirby, J., concurring). As our ruling here is only that we do not have jurisdiction to

- 7 -

## B.

Appellant further argues that, should we determine the trial court's order was not final, we "can and should suspend this final judgment requirement to expedite this appeal and avoid the duplicative argument and briefing that would occur if [we] dismissed the appeal only to rehear it at some later date." Indeed, Rule 2 of the Tennessee Rules of Appellate Procedure provides that for "good cause, including the interest of expediting decision upon any matter," this Court may suspend certain procedural requirements "to relieve litigants of the consequences of noncompliance with the rules in those circumstances in which it is appropriate to do so." Tenn. R. App. P. 2 (advisory commission comment). The Tennessee Supreme Court has previously held that appellate courts have the power to suspend Rule 3's final judgment requirement upon a showing of good cause. *See **Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990) ("[W]e find no bar to the suspension of Rule 3(a)."). Appellant focuses on the narrow scope of the issue presented as evidence that good cause exists for expediting this appeal and suspending the finality requirement.[8]

We have previously held, however, that in light of our disfavor of deciding piecemeal appeals, "judicial economy alone does not justify abandoning the requirement of finality." ***Williams v. Tenn. Farmers Life Reassurance Co.***, No. M2010-01689-COA-R3-CV, 2011 WL 1842893, at *6 (Tenn. Ct. App. May 12, 2011) (citing ***Brown***, 2009 WL 4878621, at *5). As such, "we will not suspend Rule 3 as a mere convenience[.]" ***Id.*** And this Court has previously held that our discretion under Rule 2 should be utilized "very sparingly, only in extraordinary circumstances." ***Harbin v. Jones***, No. W2012-01474-COA-R3-CV, 2013 WL 1249050, at *5 (Tenn. Ct. App. Mar. 28, 2013) (quoting ***Morgan Keegan & Co. v. Smythe***, No. W2010-01339-COA-R3-CV, 2011 WL 5517036, at *18 (Tenn. Ct. App. Nov. 14, 2011), *rev'd on other grounds*, 401 S.W.3d 595 (Tenn. 2013)); *see **Levitt, Hamilton, & Rothstein, LLC v. Asfour***, 587 S.W.3d 1, 10 (Tenn. Ct. App. 2019) (collecting cases where good cause was found to suspend the final judgment requirement).

Moreover, Appellant acknowledges in his reply brief that the trial court did not issue a ruling on whether his accounts are exempt from the claims of his creditors and the subpoena process, instead ruling only that Appellees were entitled to obtain discovery regarding the accounts to determine their exemption status. The question of whether

---

review *this* appeal of the trial court's disposition of Appellant's unquestionably timely post-judgment motion, not that we do not have jurisdiction to review *any* such appeal, we do not find this emphasis particularly relevant.

[8] Appellant compares the straightforwardness of the issue in this case to that in ***Neisler v. Neisler***, No. E2020-00761-COA-R3-CV, 2021 WL 1388029 (Tenn. Ct. App. Apr. 13, 2021). However, that case has been designated as a memorandum opinion under Rule 10 of the Rules of the Court of Appeals of Tennessee, and as such "shall not be cited or relied on for any reason in any unrelated case." Tenn. R. Ct. App. 10.

Appellant's particular accounts are statutorily exempt from the claims of his creditors and the subpoena process, therefore, is not actually before this Court. *See* ***Baugh v. Novak***, 340 S.W.3d 372, 381 (Tenn. 2011) (explaining that, "[a]s a general matter, the issues addressed by the appellate courts should be limited to those that have been raised and litigated in the lower courts"). Instead, Appellant asks only whether a hypothetical account that was qualified under Tennessee Code Annotated section 36-2-105(b) would be exempt from the subpoena process. In other words, Appellant would have us decide a theoretical question in order to "allay fears as to what may occur in the future," based on the trial court's ultimate finding as to the nature of Appellant's accounts. ***State v. Brown & Williamson Tobacco Corp.***, 18 S.W.3d 186, 192 (Tenn. 2000) (quoting ***Super Flea Mkt. v. Olsen***, 677 S.W.2d 449, 451 (Tenn. 1984)) (noting "the established rule that courts are not to render advisory opinions, or decide abstract legal questions" (citations omitted)); *see also* ***City of Memphis v. Hargett***, 414 S.W.3d 88, 96 (Tenn. 2013) ("The role of our courts is limited to deciding issues that qualify as justiciable, meaning issues that place some real interest in dispute, and are not merely 'theoretical or abstract[.]'" (citations omitted)).

On this record, we decline to use our discretion to waive the finality requirement set out in Rule 3. As no final, appealable order yet exists in this matter, this Court lacks subject matter jurisdiction over this appeal, and the appeal must be dismissed.

### C.

Appellees have requested their appellate attorney's fees for defending against this appeal, which they argue was taken solely for delay. This Court has discretion to award attorney's fees to a party faced with a frivolous appeal:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122; *see* ***Young v. Barrow***, 130 S.W.3d 59, 66–67 (Tenn. Ct. App. 2003) ("Determining whether to award these damages is a discretionary decision." (citation omitted)). "An appeal is deemed frivolous if it is devoid of merit or if it has no reasonable chance of success." ***GSB Contractors, Inc. v. Hess***, 179 S.W.3d 535, 547 (Tenn. Ct. App. 2005) (quoting ***Wakefield v. Longmire***, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2001)).

As this appeal was (1) taken from an order that was not appealable and (2) meant to resolve a question in the abstract, it had no reasonable chance of success. We therefore award Appellees their appellate attorney's fees for this frivolous appeal.

### V. CONCLUSION

This appeal is dismissed for lack of subject matter jurisdiction. The matter is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellant Thomas A. Stewart, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE